471 So.2d 352 (1985)
Travis H. CLARK, Jr.
v.
MISSISSIPPI STATE BAR ASSOCIATION.
Conf. Misc. No. 146.
Supreme Court of Mississippi.
May 15, 1985.
Rehearing Denied July 10, 1985.
*353 Travis H. Clark, Jr., Greenwood, pro se.
Andrew J. Kilpatrick, Jr., Jackson, for appellee.
EN BANC.
PRATHER, Justice, for the Court:
This is an appeal from a decision of the Mississippi State Bar Complaint Tribunal wherein the appellant, Travis H. Clark, Jr., was found guilty of violating DR1-102(A)(1, 3, 4, 5 & 6); DR6-101(A)(2 & 3); DR7-101-(A)(1 & 3); DR7-102(A)(3, 4, 5, 6 & 8); DR9-102(A); DR9-102(B) of the Code of Professional Responsibility of the Mississippi State Bar and Miss. Code Ann. §§ 73-3-35, 73-3-37. For these violations, the Tribunal imposed the sanction of disbarment.
Clark appeals, urging that the sanction of disbarment is unwarranted where considerable delay exists between the misconduct and the initiation of disciplinary proceedings.

I.
Appellant, a resident of Leflore County, Mississippi and member of the Mississippi State Bar, maintains a practice in Greenwood, Mississippi. The facts in this cause are not in dispute as the appellant, in his appearance before the tribunal, stipulated to all material facts surrounding the misconduct alleged in the complaint.
*354 On April 24, 1967, Riley B. Clements was appointed Conservator for his brother, Jerry Lee Clements, in cause No. 15,285 in the Leflore County Chancery Court. On December 26, 1967, appellant Travis H. Clark, Jr., was substituted as Conservator for Jerry Lee Clements by decree of the Leflore County Chancery Court.
Appellant timely filed the first six Annual Reports and Accounts for the conservatorship. The sixth Annual Report was filed on December 10, 1973 and showed a checking account balance of $3,485.41 on deposit in the Bank of Commerce of Greenwood, Mississippi, together with an $11,000.00 Certificate of Deposit with First Federal Savings & Loan Association of Greenwood, Mississippi.
On December 31, 1973, appellant opened a savings account in the name of the conservatorship with Leflore Savings & Loan Association and deposited $1,000.00 in the account. On January 2, 1974, appellant deposited $2,500.00 in this savings account. On December 31, 1973, appellant purchased on behalf of the conservatorship a $10,000.00 Certificate of Deposit with Leflore Savings & Loan Association.
On November 20, 1974, $3,650.92, the total initial deposit plus accrued interest, was withdrawn from the savings account at Leflore Savings & Loan Association and deposited into the trust account of appellant's partnership at the Bank of Commerce in Greenwood, Mississippi. These funds were immediately paid out by the Bank of Commerce of Greenwood by a check in the amount of $3,920.55 payable to Delta Building Material Co. and signed by the appellant. From December, 1974 to January, 1976 the appellant's trust account did not maintain a sufficient balance to cover the conservatorship funds. On January 13, 1976, appellant's trust account at the Bank of Commerce was closed. At no time during the period from November, 1974 until January, 1976 were the funds of the conservatorship returned to the trust account.
Appellant filed the seventh, eighth, ninth, tenth and eleventh annual report and accountings. Each report reflected a balance in the savings account with Leflore Savings and Loan Association when no savings account actually existed.
Regarding the other assets of the conservatorship, the certificate of deposit, the appellant admitted the following. On March 24, 1976 appellant made a personal loan in the sum of $10,000.00 from Leflore Savings & Loan Association using as collateral for the loan the Certificate of Deposit of the conservatorship. Appellant used the Certificate of Deposit of the conservatorship as collateral for his loan from March 24, 1976 through April 3, 1980, at which time the loan was paid off and the proceeds from the Certificate of Deposit withdrawn from Leflore Savings & Loan Association.
On October 9, 1981, Riley B. Clements brother of the ward, filed a complaint against the respondent with the Committee on Complaints of the Mississippi State Bar. Appellant received a copy of the complaint on October 13, 1981. On October 23, 1981, appellant opened a Golden Savings Account with the Bank of Commerce of Greenwood, Mississippi in the name of the conservatorship and deposited therein the sum of $3,700.00. Thereafter, on October 26, 1981 appellant deposited the sum of $1,629.77 bringing the total deposit into the savings account to the sum of $5,329.77. On October 26, 1981 appellant filed an informal response to the complaint with the Mississippi State Bar. Appellant stated in his response that the funds which were alleged to have been misappropriated were in fact on deposit with the Bank of Commerce of Greenwood, Mississippi. Appellant's response included a letter dated October 26, 1981 from the Executive Vice President of the Bank of Commerce at Greenwood, Mississippi, certifying that the Bank of Commerce maintained a Golden Savings Account in the name of Travis H. Clark, Jr., as the conservator for Jerry Lee Clements and that the balance in the account was $5,329.77. This complaint was dismissed by the Committee on Complaints of the Mississippi State Bar without investigation or hearing by letter dated November 2, *355 1981. The funds listed in appellant's informal response to the Complaint were deposited on October 23, 1981 after receipt of the complaint and prior to the filing of appellant's informal response.
Although the record is somewhat unclear, it appears that Riley B. Clements filed another complaint with Mississippi State Bar Committee on Complaints in 1982, which second complaint gave rise to the current formal complaint of the Mississippi State Bar. After following the proper procedures, a complaint tribunal composed of Harold W. Melvin, Ben Stone, and Tucker Buchanan heard the complaint and found the appellant guilty of violations of the disciplinary rules and the statutes and imposed the sanction of disbarment.

II.
The Mississippi State Bar Complaints Tribunal found the appellant guilty of violating the following disciplinary rules:
DR 1-102. Misconduct
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
DR 6-101. Failing to Act Competently
(A) A lawyer shall not:
(2) Handle a legal matter without preparation adequate in the circumstances.
(3) Neglect a legal matter entrusted to him.
DR 7-101. Representing a Client Zealously
(A) A lawyer shall not intentionally:
(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7-101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.
(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B).
DR 7-102. Representing a Client Within the Bounds of the Law
(A) In his representation of a Client, a lawyer shall not:
(3) Conceal or knowingly fail to disclose that which he is required by law to reveal.
(4) Knowingly use perjured testimony or false evidence.
(5) Knowingly make a false statement of law or fact.
(6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.
(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.
DR 9-102. Preserving Identity of Funds and Property of a Client
(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by *356 the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.
In addition, Clark was found guilty of violating Miss. Code Ann. §§ 73-3-35 and 73-3-37 (1972) which provide as follows:
§ 73-3-35. Oath in each court.
Every attorney and counselor at law, before he shall be permitted to practice, shall produce his license in each court where he intends to practice, and in the presence of such court, shall take the following oath or affirmation to wit:
"I do solemnly swear (or affirm) that I will demean myself, as an attorney and counselor of this court, according to the best of my learning and ability, and with all good fidelity as well to the court as to the client; that I will use no falsehood nor delay any person's cause for lucre or malice, and that I will support the constitution of the State of Mississippi so long as I continue a citizen thereof. So help me God."
And thereupon the name of such person, with the date of his admission, shall be entered in a roll or book to be kept in each court for that purpose.
73-3-37. Duties of attorneys.
It is the duty of attorneys:
(1) To support the constitution and laws of this state and of the United States;
(2) To maintain the respect due to courts of justice and judicial officers;
(3) To employ for the purpose of maintaining the causes confided to them, such means only as are consistent with truth, and never to seek to mislead by any artifice or false statement of the law;
(4) To maintain inviolate the confidence and, at every peril to themselves, to preserve the secrets of their clients;
(5) To abstain from all offensive personalities, and to advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which they are charged;
(6) To encourage neither the commencement nor continuance of an action or proceeding from any motives of passion or personal interest;
(7) Never to reject, for any consideration personal to themselves, the cause of the defenseless or oppressed.
Appellant Clark does not deny his misconduct but rather urges before this Court that disbarment is unwarranted where considerable delay exists between an attorney's wrongdoing and the initiation of disciplinary proceedings.
As a general rule, delay in bringing disciplinary proceedings against an attorney will not bar such proceedings where there is no showing of prejudice to the attorney as a result of the delay. Oklahoma Bar Ass'n v. Warzyn, 624 P.2d 1068 (Okla. 1981) (delay of one year); In Re Teichner, 75 Ill.2d 88, 25 Ill.Dec. 609, 387 N.E.2d 265 (1979) (delay of ten years); In Re Weiner, 120 Ariz. 349, 586 P.2d 194 (1978) (delay of four years); Committee on Legal Ethics of West Virginia State Bar v. Pence, 161 W. Va. 240, 240 S.E.2d 668 (1977) (delay of two years); Anne Arundel County Bar Ass'n v. Collins, 272 Md. 578, 325 A.2d 724 (1974) (delay of three years); Nebraska State Bar Ass'n v. Jensen, 171 Neb. 1, 105 N.W.2d 459 (1960) cert. denied, 365 U.S. 870, 81 S.Ct. 905, 5 L.Ed.2d 860 *357 (1961) (delay of one year); In Re Williams, 221 Minn. 554, 23 N.W.2d 4 (1946) (delay of three years). See generally 93 A.L.R. 3rd 1057 (1979). There is authority for the view that delay in the instigation of disciplinary proceedings constitutes a mitigating circumstance to be considered in determining the sanction imposed upon an accused attorney. See 93 A.L.R. 3rd 1057 at 1091.
This Court has not previously established a rule regarding the effect of delay in the instigation of disciplinary proceedings. See Pitts v. Miss. State Bar Ass'n, 462 So.2d 340 (Miss. 1985). Though appellant's misconduct began in October of 1974, it continued up until October 23, 1981 when the funds which were alleged to have been misappropriated were deposited in an account with the Bank of Commerce in Greenwood, Mississippi. This restoration of client funds by the appellant took place after the appellant received a copy of the complaint alleging misconduct. This Court, therefore, concludes that, under the circumstances of this case, there was no delay in the instigation of disciplinary proceedings and appellant's argument is therefore meritless. This Court would further suggest that, based upon the above authority, the better view is that a delay in the instigation of disciplinary proceedings will not operate as a bar to such proceedings absent a showing that the delay resulted in prejudice to the attorney.
The appellant further argues that the conservatorship suffered no loss because all principal and interest had been restored to the estate. However, restitution by an attorney of funds previously misappropriated does not mitigate the offense, particularly where the restitution has been made under pressure. In the Matter of Thomas L. Smiley, 286 Ala. 216, 238 So.2d 716 (1970).
Likewise, the issue of res judicata is raised by appellant. He asserts that the dismissal of the first complaint by the Mississippi State Bar Committee on Complaints contained some of the same allegations as the subsequent complaint. Therefore, appellant contends that the first dismissal renders the second charge res judicata. This Court disagrees for the reason that the decision by the Committee on Complaints is not a judicial determination on the merits, but rather is analogous to a review by a grand jury. Miss. Code Ann. §§ 73-3-303, 73-3-309, 73-3-311, 73-3-319 (Supp. 1984). On the other hand, the Complaint Tribunal "in many ways has acted as a trial court sitting without a jury." Levi v. Mississippi State Bar, 436 So.2d 781 (Miss. 1983).

III.
Even though the Complaint Tribunal acts much as a trial court in disciplinary proceedings, this Court hears the case de novo. Levi, supra. Having reviewed all of the entire record, the authorities of law, the findings and conclusions of the Complaint Tribunal, this Court finds that the Mississippi State Bar has proved by clear and convincing evidence each and every act of misconduct defined in the disciplinary rules and the statutes named in the complaint necessary to support the Complaint Tribunal's sanction of disbarment of Travis Clark, Jr.
Therefore, the order of the Complaint Tribunal is affirmed and judgment is rendered here disbarring Travis Clark, Jr. from the practice of law in the State of Mississippi.
ORDER OF COMPLAINT TRIBUNAL AFFIRMED AND JUDGMENT RENDERED DISBARRING TRAVIS CLARK, JR., FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and DAN M. LEE, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS and ROBERTSON, JJ., not participating.