517 So.2d 561 (1987)
H. Lanier B. FOOTE
v.
MISSISSIPPI STATE BAR ASS'N
Nos. 226, 218.
Supreme Court of Mississippi.
December 2, 1987.
Thomas J. Lowe, Jr., Jackson, for appellant.
Michael B. Martz, Jackson, for appellee.
En Banc:
PRATHER, Justice, for the Court:
This is a consolidated appeal from two decisions of the Mississippi State Bar Complaint Tribunals, wherein the appellant Lanier B. Foote, was found guilty of violating certain provisions of the Code of Professional Responsibility of the Mississippi State Bar and Miss. Code Ann. § 73-3-35. For one of these violations, the Tribunals imposed the sanction of disbarment.
Foote appeals both decisions which arise out of three separate sets of facts. In Conf.Misc. 226, the attorney, H. Lanier B. Foote appeals the sanction of disbarment, assigning the following as error:
The appellant was disbarred for violations of the Code of Professional Responsibility in connection with the misappropriation of client's funds handled by the appellant during a loan closing, which disbarment was a disproportionally severe sanction in light of previous cases decided by this Court.
*562 In Conf.Misc. 218, the attorney appeals the sanctions of a public reprimand and a 90-day suspension, assigning as error the following:
(1) The appellant was determined to have violated the Code of Professional Responsibility for not having refunded $50.00 to a client and the sanction ordered is a public reprimand. This is essentially a fee dispute and the appellant should not be given any more than a private reprimand.
(2) The appellant was suspended from the practice of law for ninety days for neglecting a criminal matter after having received a fee. The sanction is disproportionate to the severity of the infraction and should be reduced to, at most, a public reprimand.

I.

A.
The appellant admits that since the allegations made in the complaint filed by Deryl Ferguson before the Mississippi State Bar Complaints Tribunal were uncontested, the facts as outlined in the opinion and judgment of the statutorily convened tribunal are the ones to be properly adopted by this Court. The attorney was duly noticed of the complaint filed against him, but elected not to file an answer or appear at the tribunal hearing. The allegations of the State Bar's complaint were taken as true by the tribunal and confessed by the attorney respondent. The tribunal adopted the allegations as the findings of fact in its opinion as follows:
On or about March 1, 1985, the Respondent served as closing attorney for the sale of property to Deryl Ferguson by William Watkins and Donna Watkins and at the closing of the aforesaid sale of real property Ferguson presented to the Respondent a check for $15,976.00 representing the purchase price of the said property, including $10,396.00 as payoff for the First Deed of Trust on the property held by the Rankin County Bank. That Respondent accepted the check and gave William and Donna Watkins their share of the proceeds from the sale of the property which was approximately $4,296.00 and Respondent was to make the necessary arrangements to payoff the First Deed of Trust held by the Rankin County Bank.
In June, 1985, Deryl Ferguson, while attempting to sell the subject real property, discovered that the Rankin County Bank's First Deed of Trust had not been paid off and thereafter Deryl Ferguson and his real estate agent attempted to contact the Respondent by telephone leaving numerous messages with Respondent's secretary as to the nature of the problem that Ferguson was experiencing but Respondent failed to return any of Deryl Ferguson's or his real estate agent's telephone calls.
Ferguson was then forced to pay $10,830.03 to pay off the Rankin County Bank's First Deed of Trust in order to consummate his sale of the subject real property and that this amount was $433.45 more than on the March 1, 1985 closing of the sale of the subject real property.
The Respondent did contact Deryl Ferguson on or about June 30, 1985, and advised Deryl Ferguson he would look into the matter and contact Deryl Ferguson, but Deryl Ferguson received no further telephones [sic] calls from the Respondent and Deryl Ferguson was unsuccessful in attempting to see Respondent on July 2, 1985, in an attempt to resolve the unpaid First Deed of Trust in favor of the Rankin County Bank.
In the interim, Deryl Ferguson had contacted another attorney to help resolve the problems he was experiencing with the Respondent and the Respondent's failure to pay off the Rankin County Bank's First Deed of Trust on the subject property and Ferguson's other attorney also attempted to contact the Respondent by telephone and wrote the Respondent on July 2, 1985, requesting that the Respondent reply by July 8, 1985, with regard to what the Respondent's intentions were concerning any action that he may take in order to fulfill his responsibilities as closing attorney on the sale of the subject property.

*563 On July 12, 1985, the Respondent presented Deryl Ferguson's second attorney the sum of $11,280.00 in cash for Deryl Ferguson and Deryl Ferguson was then given $10,880.00 and the remaining amount was retained by the second attorney as his attorney fees and expenses.
The Respondent's failure to pay off the mortgage at the time of the closing was in derogation of his duty as closing attorney as established in the settlement statement dated March 1, 1985.
Based upon the above findings, it is the opinion of the Tribunal that the Respondent readily accepted representation of Deryl Ferguson, William Watkins and Donna Watkins to act as the closing attorney for the sale of certain real property to Deryl Ferguson by William and Donna Watkins. However, the Respondent failed to make the necessary arrangements to pay off the First Deed of Trust on the subject property to the Rankin County Bank; failed to carry out his responsibilities and duties as closing attorney which resulted in Mr. Ferguson paying an additional $433.45 in interest on the Deed of Trust when finally paid off than if the Deed of Trust was paid off at closing; and, failed to handle a client's funds in accordance with the applicable Rules of Discipline as adopted by the Mississippi Supreme Court for use by members of the Mississippi State Bar.
The Mississippi State Bar Complaint Tribunal found the attorney guilty of violating the following disciplinary rules:
DR 1-102. Misconduct
(A) A lawyer shall not:
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
DR 6-101. Failing to Act Competently
(A) A lawyer shall not:
(3) Neglect a legal matter entrusted to him.
DR 9-102 Preserving Identity of Funds and Property of a Client
(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
(B) A lawyer shall:
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
In addition, Foote was found guilty of violating Miss. Code Ann. § 73-3-35 (1972), which provides as follows:
§ 73-3-35. Oath in each court.
Every attorney and counselor at law, before he shall be permitted to practice, shall produce his license in each court where he intends to practice, and in the presence of such court, shall take the following oath or affirmation to wit:
"I do solemnly swear (or affirm) that I will demean myself, as an attorney and counselor of this court, according to the best of my learning and ability, and with all good fidelity as well to the court as to the client; that I will use no falsehood nor delay any person's cause for lucre or malice, and that I will support the constitution of the State of Mississippi so long as I continue a citizen thereof. So help me God."

*564 And thereupon the name of such person, with the date of his admission, shall be entered in a roll or book to be kept in each court for that purpose.
The State Bar argues that the most serious violation was that of Disciplinary Rule 1-102(A). The tribunal ordered the attorney's disbarment.

B.
Assuming the undisputed facts alleged, the question becomes was the sanction of disbarment disproportionately severe to the conduct involved, amounting to an injustice?
"Upon appeal, the Court shall review the entire record and the findings and conclusions of the tribunal, and shall render such orders as the Court may find appropriate." Rule 9.4 of the Rules of Discipline for the Mississippi State Bar. This Court reviews the evidence de novo, on a case-by-case basis, sitting as triers of fact, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny. Hoffman v. Mississippi State Bar Association, 508 So.2d 1120, 1124 (Miss. 1987); Vining v. Mississippi State Bar Ass'n, 508 So.2d 1047, 1049 (Miss. 1987); St. Bd. of Psychological Ex. v. Hosford, 508 So.2d 1049, 1054 n. 4 (Miss. 1987).
According to the Lawyers Manual on Professional Conduct, "factors generally considered for imposition of sanctions for misconduct are (1) the nature of misconduct, (2) the need to deter similar misconduct, (3) preservation of dignity and reputation of the profession, (4) protection of the public and (5) sanctions imposed in similar cases." Miss. State Bar v. A Miss. Attorney, 489 So.2d 1081, 1083 (Miss. 1986).
This Court will not hesitate to impose substantial sanctions upon an attorney for any act which evinces want of personal honesty and integrity or renders such attorney unworthy of public confidence. Brumfield v. Mississippi State Bar Association, 497 So.2d 800, 808 (Miss. 1986). This Court must determine whether the misconduct of the attorney, his dishonesty and misrepresentation, was of such magnitude that disbarment is justified. See id.
Two recent cases involving misuse of the funds of another party have concluded in orders of disbarment. In Brumfield, supra, while acting in a representative and fiduciary capacity which he had undertaken, the attorney deliberately cheated and defrauded his aunts, with whom he jointly owned property. In Clark v. Mississippi State Bar Association, 471 So.2d 352 (Miss. 1985), the attorney converted funds which he held as a conservator.
The American Bar Association recently promulgated Standards For Imposing Lawyer Sanctions (1986). While this Court does review the evidence on a case-by-case basis, it recognizes that such guidelines may be helpful.
"Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA Standard 4.11. There is unrebutted evidence that the attorney converted the funds to his own use. Attached to the complaint was the check given to the attorney, which gives no indication it was deposited into an escrow or trust account. The client's monies held by the attorney were unpaid by Foote to the bank due said funds for several months. When confronted with that failure, ultimately the attorney made restitution by payment of cash.
Further, "[d]isbarment is generally appropriate when ... a lawyer knowingly fails to perform services for a client and causes serious or potential serious injury to a client... ." ABA Standard 4.41(b). It is clear that the attorney in the instant case knowingly failed to perform services for his client. Because restitution was eventually made, the actual injury was limited to Ferguson being forced to pay off the deed of trust with interest four and one-half months after the date that he thought it had been paid off. But the potential injury included loss of a sale, foreclosure, and the necessity of a civil suit against Foote.
The attorney sets forth three factors which, he claims, warrant making the sanction *565 less severe than disbarment. He argues that there is nothing in the record to show any previous ethical violations on his part, that he made the client whole about two weeks after demand, and that he never attempted to mislead the Court or the Bar as to what he did.
It is true that in the record of Conf. Misc. 226, there is no evidence of any previous ethical violations. The cases cited by the attorney do list certain positive mitigating factors. In re Fox, 296 So.2d 701, 705 (Miss. 1974); Mississippi State Bar Association v. Strickland, 492 So.2d 567, 573 (Miss. 1986). However, absence of previous ethical violations is not listed as a factor. The ABA Standards do list the absence of a prior disciplinary record as a mitigating factor, ABA Standard 9.32(a), but the presence of prior disciplinary offenses is listed as an aggravating factor, Standard 9.22(a). Thus, this mitigating factor is not especially strong since it consists in the mere absence of a certain aggravating factor.
Full restitution was made after several personal and representative demands and the threat of a suit. "However, restitution by an attorney of funds previously misappropriated does not mitigate the offense, particularly where the restitution has been made under pressure." Clark v. Mississippi State Bar Association, 471 So.2d 352, 357 (Miss. 1985).
It is true that the attorney made no attempt to mislead the Bar or the Court as to what was done. Such is necessarily the case where there is a default judgment. In Clark, supra, the attorney did attempt to mislead the Bar, and this fact may well have been considered an aggravation of the offense. However, it does not follow that the absence of such an attempt mitigates the offense. Under the ABA Standards, full and free disclosure to the disciplinary board or cooperative attitude toward the proceedings is a mitigating factor, Standard 9.32(e), and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency is an aggravating factor, Standard 9.22(e). Neither is the case here. This Court holds that the mere absence of an attempt by the attorney to mislead the Bar or the Court as to what was done, particularly where there is a default judgment, is a neutral factor.
The attorney has done little more than to note that there are no aggravating factors present in the instant case. But then neither are there mitigating factors. Again, such is necessarily the case where there is a default judgment.
The order of disbarment should be affirmed as being proportionally balanced to this Court's holding to similar cases.

II.
Again, as admitted by the attorney, the allegations of the complaint, as to both counts in Conf.Misc. 218, must be accepted as true for the purposes of this appeal. Based upon the absence of an answer or pleading or appearance of the attorney and the entry of default judgment, the tribunal took the allegations of the complaint as true and confessed and adopted them as the findings of fact for its opinion.

A.
As to count 2, the tribunal found the following:
That on March 3, 1985, Louise Morrow, hereinafter referred to as Morrow, and Morrow's sister-in-law, Theresa Rich, traveled from Jackson, Mississippi to Parchman Penitentiary to visit Morrow's son, in Morrows' daughter's, Patricia Friend, vehicle.
That upon entering Parchman, Friend's car was searched whereupon a homemade knife and scissors were found in the trunk of the car.
That Morrow was then arrested for carrying concealed weapons and was transported to Drew, Mississippi, to appear before Justice Court Judge R.M. Randall.
That Morrow then posted a $42.00 Bond and was advised to appear for Court on March 20, 1985, and was released. That on or about March 4, 1985, Patricia Friend, hereinafter referred to as Friend, subsequently contacted Respondent *566 on behalf of Morrow whereupon Respondent readily agreed to represent Morrow for $500.00.
That Friend then provided Respondent with $250.00 and that Morrow's husband, Harlan Morrow, paid the remaining $250.00 to Respondent. That Morrow then met with Respondent several times and provided Respondent with all necessary information and that Morrow was led to believe that Respondent would have the charges dropped or her record cleared in some manner.
That on or about March 19, 1985, Respondent advised Morrow that he had the hearing postponed as a part of his "strategy" to defend Morrow on the carrying the concealed weapons charge and would keep Morrow advised of any developments with her case.
That Harlan Morrow contacted Respondent on May 30, 1985, and was advised by Respondent that Respondent had taken care of her case and she should not worry about her case any longer.
That on the evening of May 30, 1985, Morrow was arrested for contempt of Court and placed in the Hinds County Detention Center in Jackson, Mississippi. The Respondent then failed to assist Morrow in any manner and Harlan Morrow was forced to travel to Sunflower County, Mississippi on the night of May 30, 1985 to post bond on his wife's behalf and his wife was not released from the detention center until approximately 4:30 a.m. on May 31, 1985.
That Respondent advised Morrow that her arrest on the contempt charge was a mistake as Respondent had caused the hearing on such charge to be postponed and that Respondent would also cause to be postponed the hearing on the carrying of a concealed weapons charge which was scheduled to be held on June 5, 1985.
That Respondent had Morrow pay to him $250.00 for an appeal bond covering the fine and court costs due on the concealed weapons contempt of court charges and that said payment was transmitted to Judge Randall by Respondent's letter of June 4, 1985. Further, that Morrow was then called by the Red Cross to work in Pennsylvania and that after conferring with Respondent and advising the Court of her intended whereabouts Morrow left Mississippi on June 6, 1985. Thereafter, Morrow returned to Jackson on June 30 and after numerous unsuccessful attempts to contact Respondent was finally able to talk with Respondent on or before July 23, 1985, when Respondent advised Morrow he still represented her and would contact her later about her cases. The Respondent then failed to perfect the appeal that he had posted the appeal bond on as promised and failed to advise the Morrows of his failure to perfect said appeal.
That during his entire period of representation of Morrow, the Respondent failed to keep Morrow adequately informed, failed to return Morrow's phone calls, misled Morrow as to the status of her cases and as to the actions that he was taking on her behalf with regard to her cases.
The tribunal concluded that the attorney had violated Disciplinary Rules 1-102(A)(1, 4, 5 and 6), 6-101(A)(3), 7-101(A)(1, 2 and 3), and Miss. Code Ann. § 73-3-35 (1972). This includes engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, failing to seek the lawful objectives of his client through reasonably available means and failing to carry out a contract of employment entered into with a client. The tribunal ordered that the attorney be suspended from the practice of law for ninety days.

B.
Was the ninety-day suspension imposed by the tribunal disproportionate to the severity of the offense?
Vining, supra, indicated that a 120-day suspension was in keeping with the misconduct, where the attorney's neglect resulted in the running of the statute of limitations before anything was done in the case. This Court has ordered a two year suspension for deliberate abandonment of a criminal defendant at a crucial stage in the trial. *567 Myers v. Mississippi State Bar, 480 So.2d 1080, 1094-5 (Miss. 1985).
"Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA Standard 4.42.
It is this Court's opinion that the ninety-day suspension was an appropriate sanction.

C.
As to Count 1 of this complaint, the tribunal found that attorney should be given a public reprimand. The complaint involved a fifty dollar ($50.00), fee dispute with a client. In view of the sanctions imposed in the foregoing discussions, this Court does not address this issue.
ORDERS OF COMPLAINT TRIBUNAL AFFIRMED AND JUDGMENT RENDERED DISBARRING H. LANIER B. FOOTE FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.