SMITH, Chief Justice,
for the Court.
¶ 1. The Mississippi Bar appeals the sanction of public reprimand imposed against attorney Johnnie E. Walls, Jr., by the Tribunal for violation of Rules 1.2, 1.3, 1.4, 8.1(b) of the Mississippi Rules of Professional Conduct. The Tribunal’s opinion and judgment were entered on July 15, 2002. Walls entered a nolo contendere plea pursuant to Rule 10.2, Mississippi Rules of Discipline.
¶ 2. The Mississippi Bar appeals arguing that a public reprimand is insufficient under these facts and circumstances and that a lengthy suspension is a more appropriate sanction.
FACTS
¶ 3. Since Walls entered a plea of nolo contendere to the charges against him, the facts in this case are not disputed. However, we will briefly summarize the facts of this case.
¶ 4. Upon the death of Ernest Lee Davis, Sr., Mary Ann Davis retained Walls to represent Mr. Davis’s children and her in a wrongful death suit. Mr. Davis was shot and killed in the presence of a police officer employed by the City of Leland, Mississippi. In 1994, Walls filed a notice of claim with the Mayor of Leland and subsequently filed suit on behalf of Mrs. Davis and the children against the City of Leland and the police officer. The presiding judge dismissed the complaint, stating that Walls failed to comply with the Mississippi Tort Claims Act in filing the complaint.
¶ 5. Mrs. Davis subsequently filed an informal complaint against Walls. The Bar forwarded the complaint to Walls and advised him that he was to file a response by April 4, 2001. Walls requested ten additional days to respond to the complaint. The Bar granted Walls twelve additional days to respond.
¶ 6. By April 16, 2001, Walls had still not submitted a response. On April 16, 2001, pursuant to Rule 8.1(b) of the Mississippi Rules of Professional Conduct, the Bar sent Walls a letter demanding that he file a response to Mrs. Davis’s complaint by April 23, 2001. Walls did not submit a response by the date demanded.
¶ 7. Walls requested a postponement and rescheduling of the Tribunal hearing due to a conflict with his trial schedule, but this request was denied. Walls responded to the complaint and submitted a statement to the Bar in lieu of a personal appearance. Attorney Lynda Robinson appeared on his behalf at the hearing. Mrs. Davis appeared at the hearing and was examined by the Bar and cross-examined by Walls’s representative. Thereafter, the Bar submitted its investigatory report.
¶ 8. Pursuant to the Mississippi Rules of Discipline, Walls entered a nolo contende-re plea after the hearing. The Tribunal accepted the plea and heard Walls’s mitigation testimony. Walls testified that he didn’t have enough help in his office and that didn’t have the best staff. As a result of the high volume of his practice, “sometimes things ... just ... got[ ] past” Walls. The Tribunal’s opinion concluded that “[t]he only extenuating or mitigating circumstances offered by Mr. Walls was he had a very busy law practice and his membership in the State Senate required that he devote a lot of his time to the representation of his district and constituency.” The Tribunal imposed the sanction of public reprimand against Walls.
DISCUSSION
¶ 9. Rule 9 of the Rules of Discipline for the Mississippi State Bar governs appeals of the Tribunal’s final disposition. *877 Because Walls entered a plea of nolo con-tendere, M.R.D. 9(b) limits the sole question on appeal to the extent or absence of discipline. Furthermore, M.R.D. 9.4 outlines the extent of appellate review:
Upon appeal the Court shall review the entire record and the findings and conclusions of the Tribunal, and shall render such orders as the Court may find to be appropriate. In so ruling, the Court shall not be bound by the rule applicable to administrative agencies to the effect that their orders must be affirmed, unless they are arbitrary and capricious and are not supported by substantial evidence, or the rule that, as in chancery, the chancellor will not be reversed on the facts unless he is manifestly wrong. Upon the conclusion of any appeal the Court shall award costs and expenses as in its discretion appears appropriate.
We review attorney discipline matters de novo on a case-by-case basis, and we are permitted to defer to the finding of the Tribunal because it has the exclusive opportunity to observe the demeanor and attitude of the witnesses. Byrd v. The Miss. Bar, 826 So.2d 1249, 1252 (Miss. 2002).
¶ 10. When assessing the sanction to be imposed against an attorney in a disciplinary action, this Court applies the following nine criteria:
(1) the nature of the misconduct involved; (2) the- need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer’s mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating or mitigating factors.
Miss. Bar v. Inserra, 855 So.2d 447, 450 (Miss.2003).
Nature of the misconduct involved and the Duty violated
¶ 11. Walls entered a nolo contendere plea to violations of the following Mississippi Rules of Professional Conduct:
Rule 1.2, which provides that a lawyer shall abide by a client’s decisions concerning the objectives of the representation and shall consult with the client as to means by which such objectives are to be pursued;
Rule 1.3, which provides that a lawyer shall act with reasonable diligence and promptness when representing a client; Rule 1.4, which provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information and shall further explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation; and
Rule 8.1(b), which provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from the Bar.
The Bar argues that Walls neglected his duties to his client while assuring her he was working on her case and that he blatantly ignored her pleas for action and communication. Once she had filed a complaint with the Bar, Walls failed to respond or cooperate with the disciplinary authority in its investigation of the complaint. The Bar contends that these actions show a want of personal honesty and integrity. Walls argues that his actions do not evince a lack of personal honesty and integrity because he made efforts to respond to the Bar and that he made attempts to contact his client when appropriate.
*878 Need to deter similar misconduct
¶ 12. There is a need to deter similar misconduct, as attorneys should not neglect their clients and then fail to cooperate with the Bar in resulting disciplinary proceedings.
Preservation of the dignity and reputation of the profession
¶ 13. The Bar argues that the dignity and reputation of the legal profession as a whole will be adversely affected if attorneys are allowed to violate the rules of professional conduct on numerous, occasions and not suffer corresponding sanctions. However, Walls argues that the public reprimand imposed by the Tribunal is the appropriate sanction and preserves the dignity and reputation of the profession.
Protection of the public
¶ 14. The Bar argues that it is not in the public’s best interest to allow a lawyer who has violated the rules of professional conduct on numerous occasions to continue practicing law. Walls argues that he will feel the impact of his actions through the public reprimand and that if he is not suspended, he will be able to continue to represent his current clients. Furthermore, Walls argues that if he is unable to continue to serve his current clients due to suspension, they will be harmed and thus, the public will be adversely affected.
Sanctions imposed in similar cases
¶ 15. In Mississippi Bar v. Logan, 726 ■ So.2d 170, 180 (Miss.1998), this Court publicly reprimanded an attorney for violation of the professional rules of conduct prohibiting conduct prejudicial to the administration of justice by failing to inform the opposing party of his ex parte contact with a magistrate. This Court specifically characterized Logan’s conduct as “deceit.” Id.
¶ 16. In Mississippi State Bar Ass’n v. Moyo, 525 So.2d 1289, 1298 (Miss.1988), this Court suggested that a public reprimand would be the appropriate sanction for a first offense of solicitation of business by an attorney.
¶ 17. In Alexander v. The Mississippi Bar, 651 So.2d 541, 547 (Miss.1995), this Court issued a public reprimand for an attorney’s failure to communicate with clients and to bring matters to trial, together with an order to pay $2,000 in restitution.
¶ 18. In Alexander v. The Mississippi Bar, 725 So.2d 828, 834-36 (Miss.1998), this Court disbarred Alexander after citing his extensive disciplinary record. One factor considered by this Court in reaching its disbarment decision was that Alexander had engaged in similar misconduct on several prior occasions. Id. The Bar argues that like Alexander, Walls has engaged in similar misconduct on prior occasions and so should be sanctioned more severely. However, Alexander had been publicly reprimanded three times and suspended three times on prior occasions by this Court, id., where Walls has not previously been suspended by this Court. Walls has been suspended by the United States Court of Appeals for the Fifth Circuit. The Bar does not contend that Walls should be disbarred but does request a lengthy suspension. According to Walls, Alexander’s misconduct included not in-formihg a client of his suspension from practice, misleading a client about doing work on a case, making misrepresentations to clients, and acting otherwise dishonestly. The charges against Walls do not directly accuse him of dishonesty nor did he plead nolo contendere to violation of rules which indicate acts of dishonesty on his part.
¶ 19. In Terrell v. Mississippi Bar, 662 So.2d 586, 588-89 (Miss.1995), the attorney had engaged in conduct amounting to neglect and failure to keep a client advised of *879 the status of a case. Accordingly, the Tribunal imposed a six-month suspension to run concurrently with an earlier suspension, but this Court enhanced the Tribunal’s sanction by imposing a six-month sentence not to run concurrently with any other discipline. Id. at 592-94.
¶ 20. In The Mississippi Bar v. Hall, 612 So.2d 1075, 1078 (Miss.1992), this Court held that the attorney’s neglect of a client’s ease, after having been previously disciplined for similar conduct, warranted a sixty-day suspension. One year later this Court imposed an additional ninety-day suspension on the same attorney for neglectful conduct. Hall v. Miss. Bar, 631 So.2d 120, 127 (Miss.1993).
¶ 21. In Foote v. Mississippi State Bar Ass’n, 517 So.2d 561, 566-67 (Miss.1987), this Court held that a ninety-day suspension was an appropriate sanction for the neglect of a criminal matter after the attorney had received a fee but had failed to keep the client adequately informed, failing to return phone calls, and misleading the client as to the status of the case.
Lawyer’s mental state
¶ 22. Walls’s mental state has not been put at issue in this case.
Actual or potential injury resulting from the misconduct
¶ 23. The Bar does not identify any specific injury that resulted from Walls’s misconduct in the handling of the Davis case. Walls argues that this Court’s interpretation of the various provisions of the Mississippi Tort Claims Act at the time the case was being handled made his actions reasonable. Walls further argues that the case would have been dismissed on the merits anyway based on applicable precedent.
Existence of aggravating or mitigating factors
¶ 24. The only mitigating factor Walls puts forth is that he pled nolo contendere. Historically, this Court has found such things a “personal health,” “family member’s health,” and “personal distress” to be reasonable mitigating factors justifying a more lenient sentence. Vining v. Miss. State Bar Ass’n, 508 So.2d 1047, 1049 (Miss.1987).
¶25. The aggravating factor cited by the Bar is Walls’s previous history of misconduct and sanctions. Walls’s disciplinary record consists of eight informal reprimands, three private reprimands, one public reprimand, and a one-year suspension issued on May 3, 2000, by the United States Court of Appeals for the Fifth Circuit. The Bar argues that Walls has not learned from his previous misconduct and disciplinary sanctions.
CONCLUSION
¶ 26. Although we review disciplinary matters de novo, we are permitted to defer to the findings of the Tribunal. The Tribunal considered all of the evidence in this case, including its personal observation of the witnesses as well as Walls’s mitigation testimony and determined that a public reprimand was appropriate under these facts. We agree and find that public reprimand is the appropriate sanction in this matter.
¶ 27. JOHNNIE E. WALLS, JR., SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE IN THE CIRCUIT COURT OF WASHINGTON COUNTY ON THE FIRST MONDAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION IS FINAL AND PAY ALL COSTS OF THIS APPEAL.
WALLER, P.J., EASLEY, CARLSON AND GRAVES, JJ., CONCUR. DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION *880 JOINED BY COBB, P.J., AND RANDOLPH, J. DIAZ, J., NOT PARTICIPATING.