COLEMAN, Justice,
concurring in part and dissenting in Part:
¶ 24. I agree with the majority’s decision to affirm the Complaint Tribunal’s finding of a violation of Mississippi Rule of Professional Conduct 1.1. However, with respect, I would stop there and not find the additional violation of Rule 1.16.
¶ 25. While the majority correctly writes that we conduct a de novo review of the evidence, it is equally true that “we are permitted to defer to the finding of the Tribunal because it has the exclusive opportunity to observe the demeanor and attitude of the witnesses.” Miss. Bar v. Walls, 890 So.2d 875, 877 (¶ 9) (Miss.2004) (citation omitted). As an additional preliminary matter, I note that our rules do not allow the sanctioning of an attorney absent clear and convincing evidence. Miss. R. Discipline 8.6.
¶ 26. With one exception, my review of the record reveals very little to me with any certainty. The one exception is that the instant matter is a complicated one, and the evidence is subject to different interpretations and the drawing of divergent yet reasonable conclusions. The Complaint Tribunal considered and rejected the Bar’s contention that Pegram had violated Rule 1.16. In holding otherwise, the majority contends that Pegram violated Rule 1.16 by accepting a flat fee to represent Iroko through trial, undertaking the representation, and abandoning him on the day of trial without reasonable notice and without returning “any unearned portion” of the fee. Despite the laundry list of supposed violations, some of which, even if true, would not fall into the limited scope of Rule 1.16,[2] the majority’s opinion makes it clear that it is the possible retention of any unearned portion of the fee that forms the basis of its finding of a violation.
¶ 27. Rule 1.16 governs the termination of representation and provides that, upon termination, the lawyer “take steps to the *238 extent reasonably practicable to protect the client’s interest” and goes on to provide some examples of such steps to be taken. The majority writes that it finds the possibility that Pegram did not earn the entirety of the fee a violation of the rule and today takes the unprecedented step of sua sponte referring the matter to the Fee Dispute Resolution Committee for determination of what part, if any, was unearned. I fail to see how the Court can find an attorney guilty of violating one of our rules by clear and convincing evidence but must then refer the case to yet another committee to determine whether the facts we speculate support the result exist. Moreover, the Fee Dispute Resolution Committee’s Rule of Procedure III(B) excludes from the jurisdiction of the Committee disputes “which involve violations of the Rules of Professional Conduct.” Accordingly, not only does the majority — to my mind — find Pegram guilty of transgressing Rule 1.16 by speculating that the evidence of such violations exists, and then turning to a committee of the Bar to affirm its speculation, but the majority also compels the Fee Dispute Resolution Committee to act against its own rules.
¶ 28. The Complaint Tribunal heard testimony and received evidence from Pe-gram and the Bar regarding whether Pe-gram violated Rule 1.16; it found no such violation. Given the factual complexity of the case and our recognition that the Complaint Tribunal “has the exclusive opportunity to observe the demeanor and attitude of the witnesses,” Walls, 890 So.2d at 877 (¶ 9), I would affirm the Complaint Tribunal’s findings but go no further.
LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. For example, Rule 1.16 does not prohibit an attorney from terminating representation after accepting a flat fee as the majority appears to imply.