DICKINSON, Presiding Justice,
for the Court:
¶ 1. The Tennessee Supreme Court, through its Board of Professional Responsibility, publicly censured Samuel Jones— an attorney licensed in Tennessee and Mississippi—after a Tennessee trial court twice dismissed his client’s divorce action because he failed to act.[1] The Mississippi Bar filed a complaint for reciprocal discipline and requested that Jones be required to pay $210 in costs. Jones has admitted the allegations against him. We impose a public reprimand and charge Jones with the costs of this proceeding.
ANALYSIS
¶2. “This Court has exclusive and inherent jurisdiction in matters pertaining to attorney discipline.”[2] We re *91 view bar matters de novo.[3] When another jurisdiction imposes discipline on an attorney licensed in Mississippi, we may impose a reciprocal sanction.[4] The first jurisdiction’s findings conclusively establish that the attorney committed misconduct, and we consider only the appropriate sanction to impose.[5] The sanction we impose “may be less or more severe than the discipline imposed by the other jurisdiction.”[6]
¶ 3. But while we are empowered to impose a different sanction than the first jurisdiction, we have concluded that “[o]nly under extraordinary circumstances should there be significant variance from a sanction imposed by the foreign jurisdiction.” [7] Because we take “the cold record of the foreign jurisdiction as conclusive ... deference must be afforded to the foreign jurisdiction’s findings.”[8]
¶4. “We have held in attorney discipline matters that the purpose of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct.”[9] To that end, we apply “a proportionality requirement to Bar discipline cases,” and consider the nature of the misconduct, the need to deter similar misconduct, the need to protect the dignity and reputation of the legal profession, the need to protect the public, and the sanctions imposed in similar cases.[10]
¶ 5. Tennessee determined that Jones had violated his duties to provide diligent representation, to communicate with his client, and to expedite litigation, all of which amounted to conduct detrimental to the administration of justice. These failures resulted in his client’s case being dismissed twice. We see no exceptional circumstance under our proportionality test that would cause us to depart from the sanction imposed by Tennessee.
¶6. In Mississippi Bar v. Walls, we imposed a public reprimand when an attorney’s failure to comply with the requirements of the Mississippi Tort Claims Act resulted in the dismissal of his client’s case.[11] There, the attorney admitted that he had violated his ethical duties of diligence and communication.[12] Performing our proportionality review, we determined that a public reprimand was the appropriate sanction.[13] Given the similarity between Walls’s and Jones’s misconduct, and the fact Jones has admitted his misconduct just as Walls did, we see no exceptional circumstance justifying a departure from the sanction imposed by Tennessee.
CONCLUSION
¶ 7. Because Jones violated his ethical obligations to provide diligent representa *92 tion, to communicate with his client, and to expedite litigation, resulting in conduct detrimental to the administration of justice, we impose a public reprimand and tax Jones with $210 . in costs, of, this appeal, Ordinarily, public reprimands are carried out by the senior circuit judge in the attorney’s county of residence.[14] -But.-Jones resides in Memphis, Tennessee. So, as we have done before, we- order that the reprimand be carried out in the Circuit Court of Desoto County.[15]
¶ 8. Therefore, we direct that Jones shall appear the first day of the next term of the' Circuit Court of DeSoto County after which this decision is issued, to be publicly reprimanded in open court by the presiding judge. Likewise, the Bar shall recover from Jones $210 in costs, upon the Bar’s proper filing of a motion within ten days after this decision issues.
¶ 9. ■ SAMUEL JONES SHALL BÉ PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE DESOTO COUNTY CIRCUIT COURT AFTER ISSUANCE OF THIS OPINION AND ASSESSED $210 IN COSTS.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. Jones had initiated a divorce proceeding for a client but took no action, and the court dismissed the case. Jones then successfully petitioned the court to set aside its dismissal, but he took no further action, and the case was dismissed a second time.

. Miss. Bar v. Drungole, 913 So.2d 963, 966 (Miss.2005) (citing R. Discipline Miss. State *91 Bar 1(a)).

. Drungole, 913 So.2d at 966 (citing Gex v. Miss. Bar, 656 So.2d 1124, 1127 (Miss.1995)).

. R. Discipline Miss. State Bar 13.

. Id.

. Id.

. Drungole, 913 So.2d at 970.

. Id.

. Id. at 967 (citing Miss. Bar v. Coleman, 849 So.2d 867, 875 (Miss.2002); Cotton v. Miss. Bar, 809 So.2d 582, 585 (Miss.2000); Miss. State Bar Ass'n v. A Miss. Attorney, 489 So.2d 1081, 1084 (Miss.1986)).

. Drungole, 913 So.2d at 967 (citing Pitts v. Miss. State Bar Ass’n, 462 So.2d 340 (Miss.1985); Miss. Bar v. Pels, 708 So.2d 1372, 1375 (Miss.1998)).

. Miss. Bar v. Walls, 890 So.2d 875, 876 (Miss.2004).

. Id. at 877.

. Id. at 877-79.

. Miss. Bar v. Abioto, 987 So.2d 913, 916 (Miss.2007).

. Id.