730 So.2d 546 (1998)
THE MISSISSIPPI BAR
v.
Winthrop G. GARDNER.
No. 98-BD-00345-SCT.
Supreme Court of Mississippi.
October 29, 1998.
Rehearing Denied February 18, 1999.
Michael B. Martz, Jackson, Attorney for Appellant.
Winthrop G. Gardner, Appellee, pro se.
EN BANC.
PITTMAN, Presiding Justice, for the Court:
¶ 1. This matter is before the Court en banc on a Formal Complaint filed March 9, 1998 by The Mississippi Bar seeking suspension of Winthrop G. Gardner's privileges for the practice of law in Mississippi under the provisions of the Rules of Discipline of the Mississippi Bar, Rule 13, providing for action based upon reciprocal discipline in the case of disciplinary action imposed in another jurisdiction. With the Complaint, the Bar has submitted certified copies of the Opinion and Decree of the Supreme Court of Louisiana in the matter styled In re: Winthrop G. Gardner, No. 97-B-1314, by virtue of which Attorney Gardner was suspended from practice in Louisiana for two years, with six months of that suspension deferred, and directing that after the completion of the active portion of the suspension Gardner be placed on two years probation, subject to conditions recommended by the hearing committee in that proceeding.
*547 ¶ 2. Attorney Gardner appeared seeking additional time to respond to the Complaint, and the Court granted an extension through July 25, 1998 for him to respond. However, no response to the allegations against him has been made.
¶ 3. Under the provisions of Rule 13, the certification of sanction imposed by the appropriate authority of another jurisdiction is conclusive evidence of the guilt of the offense or unprofessional conduct in which sanction was ordered, and the sole issue to be determined in the present proceeding is the extent of the final discipline to be imposed by this Court on the attorney. No further fact finding on the offense is required. Here, the Bar seeks only that Gardner be disciplined, but has expressed no view as to the nature or extent of discipline to be imposed. Gardner could have offered matters in mitigation of the offenses charged, and the Court in imposing penalty is not bound by findings of the Louisiana authority. The Court is at liberty to impose sanctions either less or greater than those imposed in Louisiana. See Mississippi Bar v. Pels, 708 So.2d 1372 (Miss.1998); Mississippi Bar v. Felton, 699 So.2d 949 (Miss.1997).
¶ 4. In the Louisiana proceedings the underlying facts were stipulated and involve several instances of conversion of clients funds, with accountants' studies concluding that between $10,000 and $30,000 of client and third party funds were unaccounted for. However, it was also found that, at the time of the hearing in Louisiana, albeit with unreasonable delay, all clients and third-parties had been repaid and that no one suffered any loss of funds. It was concluded that his conduct was at best gross negligence and at worst knowing misconduct. Initially, Gardner sought a disposition under that state's consent disciplinary procedure with two and one-half years suspension, one and one-half year deferred with two years probation. The Office of Disciplinary Counsel concurred, but the Louisiana Supreme Court declined the proposal and ordered a hearing. In re Gardner, 647 So.2d 1103 (La.1994). The hearing committee found that Gardner had commingled and converted his clients' funds in at least fifteen instances.
¶ 5. Although the Louisiana decree is conclusive as to the facts underlying the offense, this Court considers disciplinary matters de novo and must judge each case on its own merits when it comes to the extent of sanctions. In judging each case, we look at the nature of the offenses, and the need to deter similar misconduct and to preserve the dignity of the profession, along with the mitigating and aggravating circumstances. Pels, 708 So.2d at 1375.
¶ 6. The commingling and misappropriation of clients' funds is a grave breach of professional duties, and has been held, under some circumstances, to justify disbarment. See Haimes v. Mississippi Bar, 601 So.2d 851 (Miss.1992) (where the attorney misappropriated $6,500 of client trust funds, having been previously suspended for commingling funds); Reid v. Mississippi State Bar, 586 So.2d 786 (Miss.1991) (mishandling of approximately $10,000 by overdrawing his trust account); Mississippi State Bar Ass'n v. Moyo, 525 So.2d 1289 (Miss.1988) (where attorney converted approximately $8,000 along with soliciting a case and charging unconscionable fees).
¶ 7. In the present case, the fact that Gardner ultimately repaid the converted funds mitigates in his favor. The Louisiana Supreme Court noted that the Office of Disciplinary Counsel presented five aggravating factors: (1) prior disciplinary offenses, (2) pattern of misconduct, (3) multiple offenses, (4) vulnerable victims, and (5) substantial experience in the practice of law. By way of mitigation, five other elements were set forth: (1) absence of dishonest motive, (2) personal problems, (3) full disclosure to the disciplinary system, (4) prior reputation, and (5) remorse. We do not have before us the details underpinning these factors, and Gardner, having failed to respond to the complaint, provides us with little else in his favor.
¶ 8. Under the facts of this case, we deem it proper that Gardner be suspended from the practice of law in Mississippi for a period of one year; that he be reinstated to practice only upon petition under the provisions of Rule 12 of the Rules of Discipline of the Mississippi Bar; and that prior to reinstatement *548 he take the Multi-State Professional Responsibility Exam and achieve a score as provided for in Rule 12.5.
¶ 9. WINTHROP G. GARDNER IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN ALL COURTS IN THE STATE OF MISSISSIPPI FOR ONE YEAR, SHALL BE READMITTED ONLY UPON PETITION UNDER RULE 12 OF THE RULES OF DISCIPLINE OF THE MISSISSIPPI BAR AND UPON TAKING THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM WITH A SCORE AS PROVIDED IN RULE 12.5.
PRATHER, C.J., SULLIVAN, P.J., and BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH, MILLS and WALLER, JJ., CONCUR.