749 So.2d 1047 (1999)
The MISSISSIPPI BAR
v.
Azki SHAH.
No. 1998-BD-01789-SCT.
Supreme Court of Mississippi.
July 29, 1999.
Rehearing Denied November 18, 1999.
Dissenting Opinion November 18, 1999.
*1048 Michael B. Martz, Jackson, Attorney for Appellant.
Appellee pro se.
EN BANC.
Dissenting Opinion of Presiding Justice Banks, November 18, 1999.
MILLS, Justice, for the Court:
¶ 1. Clarksdale attorney, Azki Shah, a member of the Mississippi Bar, is accused of unprofessional and unethical conduct evincing unfitness for the practice of law which constitutes legal grounds for the imposition of discipline. The Mississippi Bar brings before this Court a formal complaint filed pursuant to Rule 13 of the Rules of Discipline, providing for an action based on reciprocal discipline in the case of disciplinary action imposed in another jurisdiction. The Bar has submitted with its complaint copies of the August 27, 1998, Consent Order and Injunction from the United States Bankruptcy Court for the Northern District of Mississippi in the matter styled In re: Elsie Miller, No. 97-46038. Shah had previously been sanctioned by that bankruptcy court for similar conduct on March 17, 1998 in the case of In re: Linda Upshaw Neloms, No. 97-42550.
¶ 2. Shah's client, Ms. Miller, paid $400 prepetition for filing fees and attorney's fees in trust to Shah, but on December 1, 1997, Shah signed a disclosure statement which indicated he had received no compensation. The transfer from Ms. Miller was in direct violation of an order permitting the bankruptcy fee to be paid in installment payments. Shah petitioned the court for this order. Additionally, the proposed Chapter 13 plan Shah filed in bankruptcy court would have allowed him to receive more compensation than he reported to the court. While Shah did not admit wrongdoing, the parties entered an agreement as to sanctions and requested court approval. The following injunction was ordered:
IT IS THEREFORE ORDERED that the above specified agreement is hereby approved by this court. Azki Shah is hereby enjoined effective October 1, 1998:
1. from the practice of law before any bankruptcy court in the United States;

*1049 2. from representing or giving legal advice to any entity concerning the bankruptcy laws of the United States; and
3. from any and all acts that could constitute the practice of law on a bankruptcy issue.
However, this injunction shall not apply to Azki Shah's representation of himself and shall not apply to any case filed by Azki Shah prior to October 1, 1998. In addition, and as a condition of this injunction being terminated, Azki Shah shall pay to the debtor, Elsie Miller, no later than October 1, 1998, the sum of $360.00 as disgorgement of the attorney's fee paid by the debtor in this case, and waives any claim for any money from this estate. Furthermore, and as a condition of this injunction being terminated, Azki Shah shall pay the sum of $500.00 to the clerk of court in five (5) monthly installments of one hundred dollars ($100.00) a month commencing no later than the first (1st) day of October, 1998, and continuing no later than the first (1st) day of each succeeding month thereafter for a period of five (5) months until paid in full.
Additionally, and prior to this injunction being terminated, Azki Shah shall also complete 12 hours of continuing legal education in bankruptcy law that has been approved by The Mississippi Bar that is in addition to the 12 hours of continuing legal education in bankruptcy law required to be completed between July 1, 1998 and July 1, 1999 in the Neloms case.
This injunction shall continue in full force and effect to September 30, 2000....
¶ 3. Rule 13 provides that when a sanction is imposed by another jurisdiction, the findings of that jurisdiction are conclusive evidence of guilt, and the sole issue for this Court to determine is the extent of final discipline to be imposed on the attorney in this jurisdiction. We are not to conduct any further fact finding. The Bar has expressed no view as to the discipline to be imposed against Shah. We are free to impose sanctions either greater or lesser than those imposed by the bankruptcy court. Mississippi Bar v. Gardner, 730 So.2d 546 (Miss.1998)(citing Mississippi Bar v. Pels, 708 So.2d 1372 (Miss.1998); Mississippi Bar v. Felton, 699 So.2d 949 (Miss.1997)). Factors which should be considered when imposing discipline include but are not limited to the following:
(1) the nature of the misconduct involved;
(2) the need to deter similar misconduct;
(3) the preservation of the dignity and reputation of the legal profession;
(4) the protection of the public; and
(5) sanctions imposed in similar cases.
Mississippi Bar v. Pels, 708 So.2d 1372, 1375 (Miss.1998) (citing Mississippi State Bar Ass'n v. A Mississippi Attorney, 489 So.2d 1081, 1083-84 (Miss.1986)). The American Bar Association also lists guidelines to consider which include:
(1) the duty violated;
(2) the lawyer's mental state; and
(3) the actual or potential injury resulting from misconduct, and the existence of aggravating or mitigating factors.
Id.
¶ 4. When an attorney failed to make the requisite filings for his client in a Chapter 7 bankruptcy after being ordered to do so, this Court imposed a 180-day suspension and ordered the attorney to pay all costs and expenses of appeal. Felton, 699 So.2d at 952. This Court has also suspended an attorney for six months when he failed to comply with court orders and pay sanctions. Mississippi Bar v. Alexander, 669 So.2d 40, 42 (Miss.1996). When an attorney was either misleading the court or made a false statement to the court, he was suspended from practice for six months. Mississippi Bar v. Robb, 684 So.2d 615 (Miss.1996).
¶ 5. Under the facts in this case, we deem proper and hereby order a six-month *1050 suspension of Azki Shah from the practice of law in Mississippi; that he shall be reinstated to practice only upon petition under the provisions of Rule 12 of the Rules of Discipline of the Mississippi Bar; and that prior to reinstatement he shall take the Multi-State Professional Responsibility Exam and achieve a score as provided for in Rule 12.5. Further, all costs of this disciplinary proceeding shall be taxed against Azki Shah.
¶ 6. AZKI SHAH IS SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR A PERIOD OF SIX MONTHS FROM THE DATE OF THIS OPINION; HE SHALL ONLY BE REINSTATED UPON PETITION UNDER RULE 12 OF THE RULES OF DISCIPLINE OF THE MISSISSIPPI BAR; AND PRIOR TO HIS REINSTATEMENT HE SHALL TAKE THE MULTI-STATE PROFESSIONAL RESPONSIBILITY EXAM AND ACHIEVE A SCORE AS PROVIDED FOR IN RULE 12.5.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
McRAE, Justice, dissenting:
¶ 7. The instant case deals with Rule 13 of the Mississippi Rules of Discipline. This is a case in which another court, the United States Bankruptcy Court for the Northern District of Mississippi, issued an order of sanctions to which Shah consented. However, Shah never admitted wrongdoing. Cases such as this involve the disciplinary rules for the bar association and, thus, because it is a bar association issue, only the bar association should handle it. Nonetheless, we continue to blindly recognize sanctions by other courts even though the Mississippi Bar, rather than Mississippi's state court system, is required to handle all sanctions originating in the jurisdiction of Mississippi. Why do we construe Rule 13 such that it becomes incongruent with how we handle intrastate sanction matters? I wish I knew. Yet, we do it and, thereby, allow courts in other jurisdictions, rather than the bar associations of such jurisdictions, to certify what amount to automatic sanctions in Mississippi. This is wrong. Accordingly, I dissent.
¶ 8. A federal court is not "another jurisdiction" as intended by the drafters of Rule 13. See Mississippi Bar v. Strauss, 601 So.2d 840, 847 (Miss.1992) (McRae, J., dissenting). If one reads the Rules of Discipline as a whole, it becomes clear that "another jurisdiction" refers to entities "empowered to judge an attorney's professional and ethical fitness to hold and exercise a license to practice law." Id. A federal court may determine whether an attorney will practice before it, but that court neither has the power to take an attorney's license nor to discipline an attorney for a violation of a state's rules of professional responsibility. Id. Hence, in the instant case, the federal bankruptcy court is not duly empowered within the sense of the term "another jurisdiction".
¶ 9. Federal courts lack the "power to impose disciplinary sanctions of the type to which the Rules of Discipline pertain," yet the federal bankruptcy court at issue is the only "jurisdiction" upon which this Court relies to sanction Shah. Id. Given this lack of jurisdiction, we should not sanction Shah.
¶ 10. The majority's holding creates the opportunity for even more egregious mistreatment of lawyers. The majority is inherently stating that when a federal court issues a monetary sanction against a lawyer, that lawyer is automatically guilty of something whether the sanction be a fine of de minimis value-say $25-or whatever. The majority deems the Court should automatically find guilt by trotting out Rule 13. This should not be the case. Here, the parties agreed to the sanctions of the court. If these sanctions are insufficient, the case should be remanded to the Bar *1051 for further development with the potential of a formal complaint, but the case is not worthy of being brought under Rule 13.
¶ 11. For the aforementioned reasons, I dissent. I would remand the case to the Bar Association for it to determine whether a formal complaint is necessary. Then, I would have the case brought forward. I dissent.
BANKS, Justice, dissenting from the denial of the motion for rehearing:
¶ 12. I would grant this motion for rehearing because it makes clear that there is a procedural due process problem in imposing a sanction based upon another jurisdiction disciplinary consent order, where that order is based on neither an admission of misconduct nor any finding of fact about that misconduct.
¶ 13. Unlike the bar disciplinary rules of other states and the American Bar Association's Model Rules for Lawyer Disciplinary Enforcement, Rule 13 of the Rules of Discipline of the Mississippi Bar, read literally, allows the imposition of a reciprocal sanction without regard to whether the other jurisdiction imposing a sanction has done so through a process that requires a finding of misconduct. Thus we, in instances where the other jurisdiction allows such an imposition of sanctions, deem conclusive findings that another jurisdiction has never made. In my view it is not the intent of our rule to have such an effect.
¶ 14. The ABA Model Rules for Lawyer Disciplinary Enforcement require a lawyer to acknowledge the material facts as true when consenting to a stated form of discipline. Model Rules for Lawyer Disciplinary Enforcement Rule 21(D)(3)(1996). The ABA suggests that there be some admission of misconduct when disciplinary actions are based on the consent of the attorney. The ABA's Model Rules for Lawyer Disciplinary Enforcement states in pertinent part as follows "Affidavit of Consent. A lawyer who consents to a stated form of discipline shall present to the board an affidavit stating that he or she consents to the discipline and that: ... (3) The lawyer acknowledges that the material facts so alleged are true." Model Rules for Lawyer Disciplinary Enforcement 21(D)(3).
¶ 15. The commentary section to that standard provides a reason for this requirement.
The respondent should be required to admit the charges before discipline is stipulated, so that evidence of guilt will be available if he later claims that he was not, in fact, guilty. Petitions for reinstatement are often filed years after discipline has been imposed, and if there is no admission it may be difficult for the agency to establish the misconduct because relevant evidence and witnesses may no longer be available.
Model Rules for Lawyer Disciplinary Enforcement 21 cmt.
¶ 16. Most jurisdictions' rules on reciprocal discipline provide that findings of another court will be conclusive for reciprocal discipline. However, those states also give the attorney an opportunity to address due process errors. The ABA Model Rules for Lawyer Disciplinary Enforcement reflect what the majority of jurisdictions' rules state pertaining to reciprocal discipline. The ABA Model Rules provide as follows:
Discipline to be Imposed. Upon the expiration of [thirty] days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept *1052 as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists. If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
Model Rules for Disciplinary Enforcement Model Rule 22(D).
¶ 17. This general formulation followed by most jurisdictions is in accord with the American Bar Association's Model Rules for Lawyer Disciplinary Enforcement in addressing reciprocal disciplinary proceedings. E.g., CO-C.R.C.P. Rule 251.21; FL West's F.S.A. Bar Rule 3-4.6 (1999); HI-Sup.Ct.Rules, Rule 2; IO-Court Rule 118.17, I.C.A. Ch. 602 App.; ME-Bar Rule 7.3; MI-E.D.Mich. LR 83.22; NV-Sup. Ct. Rules, Rule 14; NH-Sup. Ct. Rules, Rule 37. See also American Bar Association, Survey of Lawyer Disciplinary Procedures in the United States 31 (1984).
¶ 18. The local federal court rule that governs the federal bankruptcy court, the jurisdiction involved here, also provides that an attorney that is subject to reciprocal discipline may show cause why he or she should not be suspended because a lack of procedural due process in the original proceedings or lack of substantial evidence to support the factual findings. Unif. Local R. U.S. Dist. Cts. N. & S. Ds. Miss. 83.1(C)(2).
¶ 19. Here, Shah is subject to a sanction by this Court pursuant to Rule 13, which as interpreted by the majority, denies him procedural due process by affirming a sanction from another jurisdiction in which there was no finding of fact or admission of misconduct. Our Rule 13 should be read to afford the due process safeguards that are found in other statutes. Here, there was no admission or finding of fact of guilt.
¶ 20. Shah is being denied procedural due process when this Court bases its sanction on the Consent Order, which was based neither on an admission of misconduct by Shah nor any finding of fact establishing Shah's misconduct. I would hold that, where, as here, the sanction imposed by another jurisdiction is not supported by either an admission or a finding of misconduct, Rule 13 has no application.
McRAE, J., JOINS THIS OPINION.