DICKINSON, Justice,
 

 for the Court:
 

 ¶ 1. This is a formal complaint filed by the Mississippi Bar seeking reciprocal disciplinary action against attorney John Holt Gaharan, following the Supreme Court of Louisiana’s imposition of a one-year-and-one-day suspension of Gaharan from the practice of law.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In November 2003, Lloyd Plummer retained Gaharan to handle his Chapter 13 bankruptcy. In 2004, Gaharan informed the Louisiana State Bar Association (LSBA) that he wished to assume inactive status. On June 14, 2004, the LSBA placed Gaharan on inactive status, rendering him no longer eligible to practice law in Louisiana. Gaharan did not advise Plummer of this fact, nor did he file a motion to withdraw from Plummer’s bankruptcy case.
 

 ¶3. Thereafter, several of Plummer’s creditors began attempting to collect debts from him. Plummer tried without success to contact Gaharan numerous times, and eventually his bankruptcy case was dismissed. Plummer filed a complaint against Gaharan with Louisiana’s Office of Disciplinary Counsel (ODC). The ODC issued a subpoena to take Gaharan’s sworn statement, but Gaharan informed the ODC that he did not wish to cooperate further in the matter.
 

 ¶ 4. In June 2007, the ODC filed formal charges against Gaharan, alleging that his
 
 *630
 
 conduct violated Rule 1.4 (failure to communicate with a client), 1.16(c) (failure to properly terminate the representation of a client), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Louisiana Rules of Profession Conduct. Gahar-an failed to answer or respond to the charges, resulting in the factual allegations against him being deemed admitted. On April 3, 2009, the Louisiana Supreme Court disciplined Gaharan by suspending him from the practice of law for one year and one day.
 

 ¶ 5. On May 6, 2009, the Mississippi Bar (the Bar) filed a formal complaint against Gaharan, pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar. Gaharan, a resident of Louisiana, was served on June 24, 2009. The complaint avers that Gaharan was a member of the Mississippi Bar during the time of the underlying conduct which is the subject of the complaint. The complaint additionally states that Gaharan failed to notify the Mississippi Bar or any other designated disciplinary agency of his disbarment in Louisiana. The complaint requests that this Court discipline Gaharan and that he be required to pay the costs and expenses occasioned by the filing of the complaint. The record includes no answer or response from Gaharan.
 

 ANALYSIS
 

 ¶ 6. Rule 13 of the Rules of Discipline for the Mississippi State Bar states:
 

 When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
 

 ¶ 7. The Supreme Court of Louisiana’s decree, attached to the Bar’s complaint, constitutes “conclusive evidence of the guilt of the offense or unprofessional conduct” pursuant to Rule 13. Therefore, the sole issue before this Court is the extent of the discipline to be imposed against Gahar-an.
 

 ¶ 8. This Court has held that “the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify, or support variance from the foreign jurisdictions’s sanction.”
 
 Miss. Bar v. Ishee,
 
 987 So.2d 909, 911 (Miss.2007) (citing
 
 Miss. Bar v. Drungole,
 
 913 So.2d 963, 970 (Miss.2005)). This Court may impose sanctions less than or greater than those imposed by another jurisdiction.
 
 Id.
 
 (citing
 
 Miss. Bar v. Gardner,
 
 730 So.2d 546, 547 (Miss.1998)). While Gaharan may offer mitigating factors for this Court to consider, he has failed to do so in both this case and the proceeding against him in Louisiana.
 
 Id.
 
 (citing
 
 Miss. Bar v. Strauss,
 
 601 So.2d 840, 844 (Miss.1992)).
 

 ¶ 9. There are no “extraordinary circumstances which compel, justify or support variance” from Louisiana’s sanction. Therefore, Gaharan shall be suspended for one year and one day from the practice of law in Mississippi. At the end of the one-year-and-one-day suspension, Gaharan may petition this Court to reinstate him pursuant to Rule 12(a) of the Mississippi
 
 *631
 
 Rules of Discipline.
 
 [1]
 
 Furthermore, all costs and expenses of this disciplinary proceeding are taxed against Gaharan.
 

 H10. JOHN HOLT GAHARAN IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR ONE (1) YEAR AND ONE (1) DAY AND ASSESSED WITH COSTS AND EXPENSES.
 

 WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ, CONCUR.
 

 [1]
 

 . "No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court.” Miss. R. Discipline 12(a).