COLEMAN, Justice,
dissenting:
¶ 29. .In my opinion, the Court’s precedent mandates harsher punishment than that imposed by the majority; therefore, I respectfully dissent. I agree with the majority’s analysis of the Liebling factors, with one exception—“sanctions imposed in similar cases.” Liebling v. Miss. Bar, 929 So.2d 911, 918 (¶ 23) (Miss.2006). In my opinion, a' three-year- suspension is warranted in the instant case.
¶30. The Court has recognized that, while not always consistent, the trend has been “toward harsher sanctions' when a lawyer has committed the ‘cardinal sin’ of law practice and 'misappropriated money belonging to his client.” McIntyre v. Miss. Bar, 38 So.3d 617, 626 (¶ 30) (Miss. 2010). While the- Court has imposed lesser sanctions depending- on other factors at issue, disbarment or a minimum of a three-year suspension áre the most common punishments. Catledge v. Miss. Bar, 913 So.2d 179, 185 (¶ 23) (Miss.2005) (recognizing that a three-year suspension or disbarment is usually imposed, but lesser penalties are warranted in some cases); Cotton v. Miss. Bar, 809 So.2d 582, 589 (¶22) (Miss.2000) (recognizing that the Court has imposed either a three-year suspension or disbarment when an attorney has misused client funds).
¶ 31. The misconduct in McIntyre was similar to the instant case—the balance in McIntyre’s trust account “was less than the amount entrusted to him on- several occasions,” he had overdrawn the account, he had written personal and business checks out of the trust account, and he had misappropriated clients’ funds. McIntyre, *88 38 So.3d at 622 (¶ 12). Although McIntyre claimed that he had returned all of the money to the trust account, the Court held that for a' client to lose use of his funds, for even a short time gives “rise to actual injury,” and “the potential for the clients’ total loss of use of the funds made the potential injury great.” Id. at 627 (¶ 31). The Bar had reprimanded McIntyre on five separate occasions and once suspended him for one year, which was evidence of a pattern of misconduct. Id. at 624, 627 (¶¶ 22, 33-34). The Court affirmed McIntyre’s disbarment. Id. at 628 (¶ 40).
¶ 32. The attorney in Cotton v. Mississippi Bar was disbarred after mishandling and misappropriating a client’s settlement proceeds. Cotton, 809 So.2d at 583 (¶ 1). The Bar instituted a formal complaint against Cotton, but he did not respond or appear to defend himself. Id. at 583 (¶ 2). The Court’s reasoning and assessment of the mitigating and aggravating factors in Cotton is instructive:
... The fact that Cotton had not previously been disciplined by the Bar is not an especially strong mitigating factor and that he eventually made restitution to all parties involved is not a mitigating factor at all. Additionally, the fact that he made no attempt to mislead the Bar ■ or this Court, and that he candidly admitted his errors, is also not a mitigating factor in his favor. Therefore, no significant mitigating factors weigh, in Cotton’s favor.
.,. Cotton’s fitness to practice law became questionable once he converted his client’s funds for his own use. That he made no attempt to defend himself once the Bar filed a formal complaint raises additional concerns regarding his fitness to practice law. If he does not tend , to his own legal matters, will he tend to the legal matters of his clients? In the case of Evans, he did not. Therefore, disbarment is the sanction'which would most appropriately punish Cotton,, deter at-tomeys from acting in the same manner in the future, and restore public confidence in the Bar.... .
Id. at 589 (¶¶ 22-23). Cotton was disbarred. Id.
¶ 33. The attorney in Reid v. Mississippi Bar also was disbarred for misappropriating client funds. Reid v. Miss. Bar, 586 So.2d 786, 788. (Miss.1991). As mitigating factors,. Reid asserted that he had admitted wrongdoing and expressed remorse and that he had not had any prior complaints. Id. The Court wrote: “These are valid mitigating factors which should be considered by a tribunal as well as this Court, and in a less serious offense could well tip the scales in favor of the accused attorney. There can be no more damaging evidence, however, as to a lawyer’s fitness to practice law than mishandling a trust account.” Id.
¶ 34. The issue in Mississippi State Bar v. Odom, arose from the attorney’s mishandling of proceeds from a real estate transaction. Miss. State Bar v. Odom, 566 So.2d 712, 713 (Miss.1990). Odom paid personal and business expenses with his clients’ money and wrote bad checks to the clients. Id. at 713-14. A Bar complaint followed, and Odom claimed “that he was not consciously aware of writing checks against funds of any client or deliberately taking money from a client” and that “none of his clients had ever lost any money as a result of the manner in which he handled his bank account.” Id. On appeal, the Court held that commingling of client funds is evidence of an attorney’s “unfitness to be a practicing lawyer” and that it is an egregious. act that should. not be tolerated. Id. at 716. The Court held that the Complaint Tribunal had been too lenient in suspending for only three months; *89 the Court suspended Odom from the practice of law for three years. Id.
¶ 35. As illustrated here, disbarment or a three-year suspension are the most common sanctions for misappropriation of client funds. In the cases where the Court ordered less than a three-year suspension, other circumstances warranted the lesser sanction. See, e.g., Catledge, 913 So.2d 179 (attorney’s conduct was not intentional, and errors by the bank worsened the problem); Miss. Bar v. Pels, 708 So.2d 1372 (Miss.1998) (reciprocal-discipline matter in which the attorney already had been disbarred in the jurisdiction where the misconduct occurred); Miss. Bar v. Gardner, 730 So.2d 546 (Miss.1998) (attorney suspended for one year in reciprocal-discipline matter after receiving a two-year suspension in Louisiana for commingling and misappropriating client funds). Ogletree’s case is not a reciprocal-discipline matter, and, while his conduct may not have been intentionally dishonest, he knew which accounts he was depositing client funds into, and he was aware that the accounts often were overdrawn. Ogletree’s case is distinguishable from Catledge⅛, Pels, and Gardner, and those cases do not persuade me that a sanction of less than three years is warranted.
¶ 36. To the other extreme, in the cases where the Court has ordered disbarment, the attorneys had prior disciplinary violations and/or some egregious or intentional conduct. I agree with the majority that Ogletree’s conduct was not as egregious as the conduct in the cases in which disbarment was warranted. I also agree with the majority’s assessment that “Ogletree’s conduct was certainly careless and possibly negligent,” but that he did not seem to have an intent to steal. (Maj. Op. 1! 25). Further, it appears that Ogletree has not lied to his clients, he did not lie to disciplinary authorities, he has not had any prior disciplinary violations, and he- has had extenuating life situations that resulted in inattention to his work. However, the result of Ogletree’s inattention was not a single instance of commingling or misappropriation; Ogletree’s bank statements showed a pattern of misconduct over a three-year period. For Ogletree, commingling was a regular practice. Although his clients did not lose money, in many instances his accounts were overdrawn, and he did not have the funds available to make his clients whole. Further, Ogle-tree’s failure to file a response with the Court is a cause for concern. See Cotton, 809 So.2d at 589 (¶ 23) (“That he made no attempt to defend himself once the Bar filed a formal complaint raises additional concerns regarding his fitness to practice law.”).
¶ 37. While I do not think Ogletree’s conduct was egregious, such that disbarment is warranted, I think a six-month suspension is insufficient. A three-year suspension from the practice of law is consistent with this Court’s precedent. Because I would order Ogletree to be suspended from the practice of law for three years, I dissent.
RANDOLPH, P.J., JOINS THIS OPINION.