BEAM, JUSTICE, FOR THE COURT:
¶ 1. The Mississippi Bar, under Rule 13 of the Rules of Discipline for the Mississippi Bar, filed a formal complaint against Bruce D. Burtoff. Because the Supreme Court of Florida issued a public reprimand to Bruce D. Burtoff, and because he is licensed to practice in Mississippi, the Bar is obligated to present a certified copy of the judgment to this Court and to seek reciprocal discipline. The Bar asks this Court to discipline Burtoff appropriately and to tax all costs and expenses incurred in filing the formal complaint to Burtoff. After due consideration, we find that the requested relief should be granted.
FACTS & PROCEDURAL HISTORY
¶ 2. In 2004, Burtoff drafted estate planning documents for his mother-in-law and father-in-law, Mary and Charles Bullington. Mary Bullington died in 2012, and a dispute arose regarding the trust Burtoff *87 had drafted. Burtoff represented his wife, the personal representative of Mary Bullington's estate and filed suit against Charles Bullington, his former client. Burtoff took positions contrary to the interests of his former client and continued representation of his wife in the probate matter when he knew or reasonably should have known he had a conflict of interest. Burtoff ultimately was disqualified as counsel for his wife and was found to have acted in violation of Rule 4-1.9(a) of the Rules Regulating the Florida Bar. On May 31, 2018, the Supreme Court of Florida reprimanded Burtoff publicly. Because Burtoff is licensed to practice in Mississippi, the Mississippi Bar, in compliance with Rule 13 of the Mississippi Rules of Discipline, filed its formal complaint.
DISCUSSION
¶ 3. This Court possesses "exclusive and inherent jurisdiction" over the discipline of attorneys under the Mississippi Rules of Discipline. McIntyre v. Miss. Bar , 38 So.3d 617, 623 (Miss. 2010). Burtoff is a licenced attorney in Mississippi and, therefore, is subject to the disciplinary jurisdiction of this Court. Mississippi Rule of Discipline 13, which governs reciprocal discipline, provides,
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
M.R.D. 13. Under Rule 13, the certified copy of the judgment of public reprimand is "conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered." Id. This Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction. Miss. Bar v. Shah , 749 So.2d 1047, 1049 (Miss. 1999). The sole issue before this Court is "the extent of final discipline to be imposed on the attorney in this jurisdiction." Id.
¶ 4. In this Court's application of the reciprocity doctrine, the sanction imposed here generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify, or support variance from the foreign jurisdiction's sanction. Miss. Bar v. Drungole , 913 So.2d 963, 970 (Miss. 2005). The Court may impose sanctions less than or greater than those imposed by another jurisdiction. Miss. Bar v. Gardner , 730 So.2d 546, 547 (Miss. 1998). The following nine criteria are considered when determining reciprocal discipline:
(1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
Miss. Bar v. Ogletree, 226 So.3d 79, 83 (Miss. 2015). So long as each is taken into consideration, this Court need not address each criterion separately. Id. An attorney *88 "who is subject to reciprocal discipline may ... offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court." Miss. Bar v. Strauss , 601 So.2d 840, 844 (Miss. 1992).
CONCLUSION
¶ 5. In imposing the sanction of public reprimand upon Burtoff, the Supreme Court of Florida explicitly or implicitly considered the nine criteria utilized by this Court to determine an appropriate sanction for attorney misconduct. Burtoff acknowledged the truth of the allegations in the formal complaint and did not provide any mitigating factors. Therefore, we fully support the Supreme Court of Florida's imposition of the sanction of public reprimand and we likewise order a public reprimand and tax all costs and expenses incurred in filing the formal complaint to Burtoff. "Ordinarily, public reprimands are carried out by the senior circuit judge in the attorney's county of residence." Miss. Bar v. Jones , 226 So.3d 89, 92 (Miss. 2015) (citing Miss. Bar v. Abioto , 987 So.2d 913, 916 (Miss. 2007) ). In both Jones and Abioto , this Court ordered the attorneys to be publicly reprimanded in DeSoto County, Mississippi, because the attorneys lived in Memphis, Tennessee. Jones , 226 So.3d at 92 (citing Abioto , 987 So.2d at 916 ). Here, Burtoff's Response and General Admission to Formal Complaint indicates that his address is 1524 SE Eleventh Street, Fort Lauderdale, Florida 33316. The Mississippi Supreme Court and Court of Appeals Bar Roll states the same. But the Mississippi Bar's Lawyer Directory provides the following address for Burtoff: 108 Railroad Avenue, Orange, Virginia 22960-1623. We hold that Burtoff shall appear the first day of the next term of the Circuit Court of the First Judicial District of Hinds County after the mandate is issued to be publicly reprimanded in open court by the presiding judge.
¶ 6. BRUCE D. BURTOFF SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY AFTER THE ISSUANCE OF THE MANDATE. BRUCE D. BURTOFF SHALL BE ASSESSED ALL COSTS AND EXPENSES.
WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, CHAMBERLIN AND ISHEE, JJ., CONCUR.