# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-BD-01229-SCT

*THE MISSISSIPPI BAR*

*v.*

*URURA W. MAYERS*


| | |
|---|---|
| ATTORNEY FOR APPELLANT: | MELISSA SELMAN SCOTT |
| ATTORNEY FOR APPELLEE: | URURA W. MAYERS (PRO SE) |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | PUBLIC REPRIMAND AND ASSESSMENT OF COSTS - 04/16/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on a complaint of the Mississippi Bar seeking disciplinary action against Urura W. Mayers, an attorney licensed to practice law in Tennessee and Mississippi, based on the Supreme Court of Tennessee's imposition of a public censure. The Bar asks this Court to discipline Mayers appropriately under Rule 13 of the Rules of Discipline for the Mississippi State Bar. It also asks that it recover from Mayers the costs and expenses incurred in filing its formal complaint. We find that the requested relief should be granted.

## FACTS

¶2. A disciplinary complaint arose against Mayers in Tennessee after she presented a check drawn on her trust account to a court clerk's office for payment of a filing fee before the client funds covering the cost of the filing fee had been deposited into her trust account. This resulted in an overdraft on the account. An investigation by the Board of Professional Responsibility of the Supreme Court of Tennessee (the Board) revealed that Mayers had failed to properly supervise a legal assistant, who had used the trust account to pay personal expenses.

¶3. After considering this matter, the Board determined that Mayers "violated Rules of Professional Conduct 1.15 (Safekeeping Property and Funds) and 5.3 (Responsibilities Regarding Nonlawyer Assistants) . . . ." Mayers was publicly censured for these violations. The Mississippi Bar filed a formal complaint against Mayers under Rule 13 of the Rules of Discipline for the Mississippi State Bar because she was an active member of the Mississippi Bar during the time of the underlying conduct.

## DISCUSSION

¶4. Mayers is a licensed attorney in Mississippi and is therefore subject to the disciplinary authority of this Court. Rule 13 of the Rules of Discipline for the Mississippi State Bar governs reciprocal discipline and provides,

> (a) Upon being disciplined in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall forthwith, but no later than 15 days upon the imposition of such discipline, provide Complaint Counsel a certified copy of the discipline. Failure to provide the certified copy forthwith shall, upon petition by Complaint Counsel, result in the immediate suspension of the attorney pending final resolution by the Court. The three (3) year limitations period provided in Rule 4(d) of these Rules shall not begin to run until the Bar

2

has been given written notice of the discipline imposed by a Bar or court of another jurisdiction.

(b)  Upon notification from any source that an attorney admitted to practice in the State of Mississippi has been disciplined in another jurisdiction, Complaint Counsel shall obtain a certified copy of the order and file it with the Court. A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi. The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction.

"Under Rule 13, the certified copy of the judgment of public reprimand is 'conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered.'" ***Miss. Bar v. Burtoff***, 269 So. 3d 85, 87 (Miss. 2018) (quoting M.R.D. 13). "This Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction." ***Id.*** (citing ***Miss. Bar v. Shah***, 749 So. 2d 1047, 1049 (Miss. 1999)). Therefore, "[t]he sole issue before this Court is 'the extent of final discipline to be imposed on the attorney in this jurisdiction.'" ***Id.*** (quoting ***Shah***, 749 So. 2d at 1049).

¶5.  "In this Court's application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." ***Miss. Bar v. Hodges***, 949 So. 2d 683, 686 (Miss. 2006) (citing ***Miss. Bar v. Drungole***, 913 So. 2d 963, 970 (Miss. 2005)). "We may impose sanctions less than or greater than those imposed by another jurisdiction." ***Id.*** (citing ***Miss. Bar v. Gardner***, 730 So. 2d 546, 547 (Miss. 1998)).

3

¶6.     When determining reciprocal discipline, this Court has outlined nine criteria that may be considered:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Hodges*, 949 So. 2d at 686 (citing *Miss. Bar v. Inserra*, 855 So. 2d 447, 450 (2003)).[1]

### 1.     Misconduct

¶7.     The nature of Mayers's misconduct amounts to a failure to safeguard the funds of a trust account and failure to supervise her nonlawyer assistant. Mayers admits that the two violations asserted in the public censure by the State of Tennessee are accurate and may constitute grounds for the imposition of discipline. But she also avers in her response that these actions were unintentional and that she is not unprofessional and unethical. She cooperated fully with the disciplinary authorities.

### 2.     Mitigating Factors

¶8.     "An attorney 'who is subject to reciprocal discipline may . . . offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court.'" *Burtoff*, 269 So. 3d at 88 (quoting *Miss. Bar v. Strauss*, 601 So. 2d 840, 844 (Miss. 1992)). In determining the

---

[1] "So long as each is taken into consideration, this Court need not address each criterion separately." *Burtoff*, 269 So. 3d at 87 (citing *Miss. Bar v. Ogletree*, 226 So. 3d 79, 83 (Miss. 2015)).

appropriate sanction to impose upon Mayers for violating her duties, we note that it was the assistant who misused the trust funds—not Mayers. This is not a case of an attorney commingling her own funds with client funds or paying her own personal expenses out of the trust account. "Consistent patterns of such commingling and misappropriation . . . generally are deserving of harsh sanctions, which serve to protect the public from greater harm." *Ogletree*, 226 So. 3d at 83–84 (internal quotation marks omitted) (quoting *McIntyre v. Miss. Bar*, 38 So. 3d at 625–26 (Miss. 2015)). Having considered the facts here, including the fact that there was no reported actual or potential injury resulting from the misconduct, this Court does not find it necessary to impose a more severe sanction than that of Tennessee in order to preserve the dignity and reputation of the profession or to protect the public.

## CONCLUSION

¶9. We support the Supreme Court of Tennessee's imposition of the sanction of public reprimand. We likewise order a public reprimand. Mayers's Response to Formal Complaint indicates that her address is 100 North Main Building, Suite 1904, Memphis, Tennessee. Therefore, we find that DeSoto County would be a reasonable place for Mayers to be disciplined. It is further ordered that Mayers shall pay to the Mississippi Bar $212.25 as requested in the Bar's Motion for Reimbursement of Costs and Expenses.

¶10. **URURA W. MAYERS SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF DESOTO COUNTY AFTER THE ISSUANCE OF THE COURT'S MANDATE, WITH MAYERS IN ATTENDANCE. MAYERS SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**

5