Serial: **231626**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2019-BD-00908-SCT**

*THE MISSISSIPPI BAR*

*v.*

*THOMAS W. BELLEPERCHE*

**ORDER OF DISBARMENT**

¶1.     The Mississippi Bar, under Rule 13 of the Rules of Discipline for the Mississippi State Bar, filed a formal complaint against Thomas W. Belleperche after the Indiana Supreme Court accepted his resignation from the practice of law and barred him from applying for readmission for a period of five years. Because Belleperche is licensed to practice in Mississippi, the Bar is obligated to present a certified copy of the judgment to this Court and to seek reciprocal discipline. The Bar asks this Court to discipline Belleperche appropriately and to tax all costs and expenses incurred in filing the formal complaint to him. After due consideration, we find that Belleperche should receive the same discipline as meted out by the Indiana Supreme Court.

I.

¶2.     Belleperche is a resident of Indiana and is also a member of the Mississippi Bar. On July 22, 2019, a judgment was entered against Belleperche in the Allen County Circuit Court in Allen County, Indiana. Belleperche pled guilty to violating Indiana Code Section 9-30-5-3(a)(1), operating a vehicle while intoxicated and having a previous conviction of operating

while intoxicated within the last seven years, a Level 6 felony. Ind. Code Ann. § 9-30-5-3(a)(1) (West, Westlaw through 2020 2d Reg. Sess. of 121st Gen. Assembly). He tendered his resignation to the Indiana Supreme Court, which accepted it under Indiana Admission and Discipline Rule 23(17). The Indiana Supreme Court accepted his resignation and also barred Belleperche from petitioning for reinstatement for five years.

II.

¶3.     "This Court possess 'exclusive and inherent jurisdiction' over the discipline of attorneys under the Mississippi Rules of Discipline." *Miss. Bar v. Thomas*, 291 So. 3d 306, 307 (Miss. 2019) (quoting *McIntyre v. Miss. Bar*, 38 So. 3d 617, 623 (Miss. 2010). Belleperche, a licensed attorney in the state of Mississippi, is under the disciplinary jurisdiction of this Court. The Mississippi State Bar is further governed by the Rules of Discipline. Rule 13 of these Rules of Discipline provides,

> A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi. The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction.

M.R.D. 13. "This Court will not engage in further fact finding when a sanction is imposed by another jurisdiction." *Thomas*, 291 So. 3d at 307 (citing *Miss. Bar v. Shah*, 749 So. 2d 1047, 1049 (Miss. 1999)).

¶4.     Under the reciprocity doctrine, this Court will generally impose a sanction that closely mirrors the sanction that our sister states have imposed unless some circumstances,

extraordinary in nature, dictate departing from our sister state's sanction. *Id.* (quoting *Miss. Bar v. Drungole*, 913 So. 2d 963, 970 (Miss. 2005)). We consider nine criteria when determining reciprocal discipline:

(1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors

*Id.* at 308 (quoting *Miss. Bar v. Ogletree*, 226 So. 3d 79, 83 (Miss. 2015)). As long as this Court considers each of these criteria, none need to be addressed individually and separately. *Id.* (quoting *Ogletree*, 226 So. 3d at 83).

¶5. Belleperche voluntarily resigned from the Indiana Bar due to his guilty plea, and he makes no formal response to the Mississippi Bar's complaint.

III.

¶6. The precedent of this Court establishes that disbarment and a five-year ban on application for readmission from the date of the entry of this order is an appropriate sanction. This Court hereby disbars Belleperche and revokes his license to practice before all Mississippi courts. Belleperche is required to pay all costs associated with the filing and prosecution of this complaint.

IV.

¶7. WE THEREFORE ORDER as follows:

1. Thomas W. Belleperche is disbarred from the practice of law in the State of Mississippi, and his name shall be immediately removed from the rolls of the Mississippi Bar;

3

2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party a copy of this Order of Disbarment and shall send Belleperche's copy by certified mail, return receipt requested;

3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;

4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery, and county courts of the districts where Belleperche resided and practiced law, with instructions to include a copy of this judgment upon the minutes of their respective courts;

5. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi Bar;

6. Belleperche is assessed all costs of this disciplinary proceeding. *See* M.R.D. 25(a).

7. Belleperche is hereby enjoined from practicing law in Mississippi; from holding himself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any administrative body or agency thereof; from holding himself out to others as or using his name in any manner in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of his disbarment until such time as he is reinstated to the practice of law in this State by the Supreme Court of Mississippi;

8. Within ten days of receipt of this Order of Disbarment, Belleperche shall notify in writing each of his clients of his disbarment and of his consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere;

9. Belleperche shall return all files, papers, monies, and other properties belonging to his clients in his possession, if any such clients request the same after receiving notification from him. Within thirty days of receipt of this

Order of Disbarment, Belleperche shall file with this Court an Affidavit stating that all current clients have been notified of his disbarment and that all files, papers, monies and other property belonging to such clients have been returned as ordered herein and showing, in the cases in which it was not possible to notify such clients or return their property, that due diligence was used to do so;

10. Within ten days of receipt of this Order of Disbarment, Belleperche shall notify every attorney and adverse party in any Mississippi proceeding in which he is involved and all affected courts and agencies of his disbarment and consequent inability to act as an attorney.

SO ORDERED, this the 19th day of May, 2020.

/s/ Michael K. Randolph

MICHAEL K. RANDOLPH
CHIEF JUSTICE
FOR THE COURT