*93
ORDER

MICHAEL K. RANDOLPH, Presiding Justice,
for the Court:
¶ 1, The Mississippi Bar filed a formal complaint pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar, seeking disciplinary action against Attorney Neal H. Labovitz, following his permanent disbarment from the United States Bankruptcy Court for the Northern District of Mississippi. We find that Labo-vitz’s conduct clearly constitutes a violation of our Rules of Professional Conduct, and we order that Labovitz be disbarred.
I.
¶ 2. The following facts are taken from In re Dobbs, 535 B.R. 675 (Bankr.N.D.Miss.2015).
¶3. In 2013, Jackey Dobbs and his then-wife, Janette, filed a joint Chapter 13 Voluntary Petition (“2013 ease”). Labovitz was counsel of record for the debtors. After numerous objections to confirmation of the 2013 Plan were filed by creditors, the court ordered the debtors to file an amended plan. The debtors failed to file an amended plan, and the 2013 case was dismissed.
¶ 4. In March 2015, a new petition and First Certificate was filed solely on behalf of Mr. Dobbs, alleging that the debtor had completed his mandatory credit counseling. Labovitz was again listed as counsel of record. In April 2015, Labovitz moved to withdraw as counsel. A Second Certificate was filed by the Debtor’s new attorney, William Fava, informing the court that the debtor had completed mandatory credit counseling in April. Because debtors are required to obtain credit counsel *94 ing prior to filing for bankruptcy, the court entered an order scheduling a show-cause hearing as to why credit counseling had not been obtained prior to filing for bankruptcy.
¶ 5. At the show-cause hearing, the debtor testified that he was not aware that Labovitz had filed the 2015 Petition, nor had the debtor obtained credit counseling as alleged in the First Petition. He testified that he had not authorized Labovitz to file the 2015 Petition, nor had he signed the Petition. After this hearing, the court issued a show-cause order to Labovitz.
¶ 6. Labovitz sent the bankruptcy court a letter addressing his involvement in the 2015 Petition.
In the May 26 Letter, Mr. Labovitz wrote the Court that he “received a call from Mrs. Dobbs, after the old case was dismissed, stating that she had spoken to Mr. Dobbs and wanted [Mr. Labovitz] to file a new case so that [the Debtor] would not lose the larger piece of property that was his mother’s.” [May 26 Letter, Case No. 15-11096; Dkt #37] Mr. Labovitz also informed the Court that “Mrs. Dobbs completed the credit counseling on the phone with [his] staff because she was unable to get to a computer in time for the filing.” Id. Mr. Labovitz did not refute the allegation that the Debtor had not signed the 2015 Petition, taken the credit counseling course and/or signed the First Certificate. However, Mr. Labovitz did allege that the Debtor “was told both one and two days prior to the filing that it was being filed on his behalf.” Id. The last assertion, in particular, was completely at odds with the Debtor’s credible description of events at the May 12 hearing.
Dobbs, 535 B.R. at 682. Labovitz also informed the court that he was aware the debtor and Mrs. Dobbs had separated when he filed the 2015 Petition on behalf of Mr. Dobbs at Mrs. Dobbs’s request. Labovitz attached two affidavits to his letter to the court—one from Mrs. Dobbs and one from Labovitz’s assistant. Both corroborated Labovitz’s version of the events.
¶ 7. The bankruptcy court conducted a show-cause hearing in July, and Labovitz was provided an opportunity to further explain his actions in filing the 2015 Petition. However, Labovitz did not present any new evidence, nor did he bring any witnesses to testify before the bankruptcy court.
At the Show Cause Hearing, Mr. Labo-vitz freely admitted that Mrs. Dobbs, not the Debtor, had taken the [credit counseling] course, over the phone, using a member of Mr. Labovitz’s staff as an intermediary. He attempted to justify this action by saying that Mrs. Dobbs had taken the course in the Debtor’s stead when the then-couple had filed a joint case in the past, as if that conduct had been permissive. Mr. Labovitz did not fully explain why he felt as though the impersonation was appropriate, especially given that the 2015 case was not another joint case, but one solely for the Debtor.
Mr. Labovitz further reasoned to the Court that he felt as though filing for the Debtor was necessary to stay a pending foreclosure on the mobile home in which the Debtor lived. He did not explain, however, why he felt as though the filing was a decision appropriately made by either the Debtor’s estranged wife, or himself, rather than the Debtor.
Id. at 683.
118. The bankruptcy court concluded that “in filing the 2015 Petition and First Certificate, Mr. Labovitz has acted in bad faith and has violated a myriad of Bankruptcy Code provisions, Federal and Local Rules of Bankruptcy Procedure, and ethi *95 cal rules imposed by the Mississippi Rules of Professional Conduct.” Id. On its findings, the bankruptcy court permanently disbarred Labovitz from the practice of law in the United States Bankruptcy Court for the Northern District of Mississippi.
II.
¶ 9. This Court has the duty and exclusive authority to discipline Mississippi attorneys. See M.R.D. 1(a). While we may delegate the fact-finding process to others, such as the Mississippi Bar, its trifyunals, or courts in other jurisdictions, the final decision on whether particular conduct .constitutes a violation of our rules of professional conduct and of discipline rests with this Court. Absent an abuse of discretion, we often have granted deference to the findings of others. See Miss. Bar v. Ishee, 987 So.2d 909, 911 (Miss. 2007) (citing Miss. Bar v. Gardner, 730 So.2d 546, 547 (Miss.1998)). Yet this Court should never abandon its obligation of reaching its own independent decision concerning the sanctioning of Mississippi attorneys. See Terrell v. Miss., 662 So.2d 586, 589 (Miss.1995); Miss. State Bar v. Strickland, 492 So.2d 567, 571 (Miss.1986). The Bar acknowledges that Labovitz was an active member of the Mississippi Bar and was in good standing at the time of this complaint.
¶ 10. The Mississippi Bar recommends the imposition of reciprocal discipline by this Court against Labovitz for engaging in unprofessional and unethical conduct evincing unfitness for the practice of law. Labovitz has been disciplined by Complaint Tribunals on three separate occasions. On January 30, 2013, Labovitz was suspended for thirty days for violations of Rules 1.2(a), 1.3, 1.4(a), 1.16(d), 5.3(b), 5.3(c), 5.5(b), 8.4(a), and 8.4(d) of the Mississippi Rules of Professional Conduct. See Miss. Bar v. Labovitz, Cause No.2012-B-1233 (Miss.2013). On May 21, 2008, Labovitz was issued a public reprimand with a three-year probation period for violations of Rules 5.3(a) and 5.5(b). See Miss. Bar v. Labovitz, Cause No.2007-B-2163 (Miss.2008). On January 12, 2006, Labovitz was issued a private reprimand for a violation of Rule 7.2(i). See Miss. Bar v. Labovitz, Cause No.2005-B-871 (Miss.2006). Additionally, the Committee on Professional Responsibility has disciplined Labovitz. See Docket No. 12-491-2 (private reprimand for violation of Rule 1.3); Docket No. 98-023-1 (public reprimand for violations of Rules 1.2, 1.3, 1.4, 1.16, 3.2, 8.1(b), 8.4(a), and 8.4(d)); and Docket No. 97-285-2 (private reprimand for violation of Rules 1.2(a), 1.3, and 1.4(a)).
¶ 11. Labovitz did not file an answer or responsive brief with this Court; therefore, the Bar’s arguments are uncontested. Instead, Labovitz filed only a Motion to Continue or Stay All Proceedings based upon his filing a Motion to Reopen the bankruptcy proceedings in the bankruptcy court.[1]
¶ 12. This Court may impose a sanction which is either more or less severe than the sanction imposed by another jurisdiction. Ishee, 987 So.2d at 911 (citing Miss. Bar v. Gardner, 730 So.2d 546, 547 (Miss.1998)).
In assessing a sanction in an attorney discipline case, this [C]ourt applies the following nine criteria: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of *96 the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer’s mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
Rogers v. Miss. Bar, 731 So.2d 1158, 1171 (Miss.1999) (quoting Miss. Bar v. Felton, 699 So.2d 949, 951 (Miss.1997)). “The accused attorney may offer this Court any mitigating factors which he thinks serve to diminish his culpability and subsequently diminish the severity of the sanction to be imposed by this Court.” Dorhauer, 38 So.3d at 613 (citing Miss. Bar v. Strauss, 601 So.2d 840, 844 (Miss.1992)).
¶ 13. Upon review of the facts gleaned from the record before this Court and the bankruptcy court’s findings, it is clear that Labovitz’s conduct constituted a violation of pur ethical rules. Labovitz knowingly and willfully filed a bankruptcy petition on another individual’s behalf despite a lack of authority to do so, and then forged that individual’s signature on various documents presented to the bankruptcy court. This conduct clearly constitutes a violation of Rules 3.3(a) and 8.4(c) and (d).[2] The egregiousness of his actions combined with his history of ethical violations warrants disbarment.
¶ 14. Labovitz offered no mitigating factors to the Bar or this Court for consideration. Labovitz failed to cite a single “extraordinary circumstance[ ] which [would] compel, justify or support variance” from the bankruptcy court’s sanction. Miss. Bar v. Drungole, 913 So.2d 963, 970 (Miss.2005).
III.
¶ 15. IT • IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. Neal H. Labovitz is hereby permanently DISBARRED from the practice of law in the State of Mississippi- :
2. This order shall constitute notice of permanent, disbarment in this cause.
3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Neal H. Labovitz and the Executive Director of the Mississippi Bar, and’ to the Mississippi Executive Director’s counterpart with the United States Bankruptcy Court for the Northern District of Mississippi. ■
4. Neal R. Labovitz shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule ■ 11 of the Rules of Discipline for the Mississippi Bar.
5. Neal H. Labovtiz shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all of his clients have been notified of his disbarment 'and his consequent inability to prac- - tice law in the State of Mississippi and that he has fully complied with ■ all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
6. The Mississippi Bar shall1 have and recover from Neal H. Labovtiz all of *97 its costs and expenses of this disciplinary action.
7. Labovitz’s Motion to Continue or Stay All Proceedings and the Bar’s Motion for Immediate Suspension are dismissed as moot.
SO ORDERED.
/s/ Michael K Randolph MICHAEL K. RANDOLPH, PRESIDING JUSTICE FOR THE COURT
COLEMAN, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.
LAMAR, J„ NOT PARTICIPATING.

. The bankruptcy court heard argument- on Labovitz’s motion to reopen the bankruptcy case and determined that the motion should be denied under Rule 60 of the Federal Rules of Civil Procedure. Labovitz's motion to continue or stay is dismissed as moot.

. Miss. Rules of Prof’l Conduct 3.3(a) (prohibiting a lawyer from "knowingly ... mak[ing] a false statement of material fact or to a tribunal”); 8.4(c) (providing that it "is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation”); and 8.4(d) (providing that it "is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to -the administration of justice”).