# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-BA-00250-SCT

*MICHAEL W. CROSBY*

*v.*

*THE MISSISSIPPI BAR*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2016 |
| TRIAL JUDGE: | HONORABLE JACQUELINE MASK |
| TRIAL COURT ATTORNEYS: | JAMES RUSSELL CLARK |
| | MICHAEL W. CROSBY (PRO SE) |
| COURT FROM WHICH APPEALED: | COMPLAINT TRIBUNAL |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | JAMES RUSSELL CLARK |
| | ADAM BRADLEY KILGORE |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | AFFIRMED - 06/21/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Michael W. Crosby appeals the Complaint Tribunal's opinion and final judgment finding him in violation of Rules 1.3, 1.16, 8.1(b), and 8.4(a) and (d) of the Mississippi Rules of Professional Conduct, and issuing a public reprimand, based on his failure to file an appeal brief on his client's behalf, and for his failure to respond to the client's bar complaint.  The Court finds that the Mississippi Bar proved by clear and convincing evidence that Crosby violated each Rule.  Further, the Court finds that the tribunal's opinion is accurate and contains all material facts.  The Complaint Tribunal's opinion and final judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2. Michael Crosby was retained by Travis Cardell Brown to represent him in a criminal trial arising from the shooting of three University of Southern Mississippi football players. Brown was convicted, and Crosby filed a notice of appeal on August 31, 2012. The trial transcript was filed on April 3, 2013,[1] and the appeal brief was to be filed by July 16, 2013.

¶3. Crosby requested additional time to file the appeal brief on July 16, 2013; August 21, 2013; September 10, 2013; September 16, 2013; and September 23, 2013. The first request for an extension of time cited Crosby's caseload and the voluminous record in Brown's case as the basis for needing additional time. The second and third requests for an extension of time cited Crosby's caseload. Crosby testified that, at the time he filed his third request for an extension of time, a dispute had arisen with Brown regarding the trial's venue, and whether Crosby could include this issue in the appeal brief. Crosby did not move for a change of venue from Forrest County for Brown's trial. Crosby testified that this was a strategic decision he made based on his years of experience questioning potential jurors in *voir dire*.

¶4. After Brown was convicted, Brown told Crosby that he should have moved for a change of venue. Crosby testified that this venue dispute created a conflict with Brown, in

---

[1] Crosby raised the length of time it took the court reporter to file the trial transcript in his Motion to Alter or Amend the Complaint Tribunal's judgment, but he does not explain how the delay affected the filing of the appeal brief. He only requested that this fact be included in order to "fully reflect" the delay in filing the appeal brief.

which Crosby would have had to include an ineffective-assistance-of-counsel claim in the appeal brief regarding his own representation of Brown at trial. Crosby testified that the venue issue prevented Crosby from being able to file the brief, although the appeal brief was "really close" to completion at the time the third request for additional time was filed.

¶5.     Crosby's fourth request for an extension of time was filed on September 16, citing Crosby's caseload, and that the brief was not yet complete. Crosby's last request for an extension of time, filed on September 23, cited his own health issues. Crosby testified that he could have filed a completed appeal brief at this time, and that he had Brown's permission to do so. However, Crosby testified that Brown had changed his mind regarding the venue issue on numerous occasions, which ultimately prevented Crosby from filing the brief.

¶6.     On October 4, this Court issued a Show Cause Notice, as Brown's appeal brief still had not been filed. Crosby was given fourteen days to file the appeal brief. Crosby testified that he had obtained Brown's permission to file the appeal brief. On October 18 at 4:55 p.m., Crosby electronically filed a Notice of Compliance with Show Cause Notice and Notice of Mailing.[2] Crosby testified that he physically placed the appeal brief in the mail. After the brief was placed in the mail, Crosby was informed that Brown was getting another attorney to represent him. Crosby retrieved the brief from the mail, but did not inform the Court that

---

[2] Crosby was questioned as to why he electronically filed every motion and the Notice of Compliance with Show Cause Notice and the Notice of Mailing, but chose to mail the brief. Crosby conceded in his testimony that, in order to comply with this Court's Show Cause Notice, the brief needed to be electronically filed by midnight on October 18.

Brown had obtained a different attorney, or that the Notice of Mailing was incorrect.[3] Crosby took no action on Brown's case for another six days, and Brown's appeal was dismissed for failure to file an appeal brief on October 24, 2013.

¶7.     After the appeal was dismissed, Crosby testified that he offered to file a petition for post-conviction relief (PCR) for Brown to pursue an out-of-time appeal, and Brown gave Crosby consent to do so.  In a letter dated August 26, 2014, Crosby mailed the PCR and affidavit to Brown for his signature.  Brown told Crosby that he did not receive the documents, and Crosby sent it two more times: once on October 10, 2014, and again on November 6, 2014.  On December 3, 2014, Brown sent Crosby a letter stating that, although he felt Crosby was an "excellent attorney," Brown no longer wanted Crosby to represent him or to file the PCR.  Crosby never filed anything with the Court to show that he no longer represented Brown. Brown later attempted to have his appeal reinstated through another attorney, but the Court of Appeals issued an order denying Brown's motion on February 10, 2015.

---

[3] At trial, the Bar raised the issue of Crosby submitting the Notice of Mailing of the brief without actually mailing the brief.  The Bar also questioned Crosby regarding why he had failed to seek remedial measures by informing the Court that the brief had not been mailed.  However, the Bar did not charge Crosby with a violation of any Rule based on this failure, and the Complaint Tribunal did not address it.  Therefore, the Court declines to address it.

¶8.     Crosby testified that, at the end of June 2015, a representative of the Mississippi Bar forwarded him a letter that Brown had written to the Bar's Consumer Assistance Program. Brown's letter stated the following:

> My name is Travis Brown [and] I was supposedly represented by Michael Crosby out of Gulfport MS. We went to trial [and] lost so Mr. Crosby was supposed to file an appeal, but I lost my direct appeal because Mr. Crosby never filed the brief which is clearly inaffective [sic] assistance of councel [sic]. I can never get in touch with him [and] his office is always giving me the run around. [I'm] not doubting that Mr. Crosby is a good attorney but I feel like he has a lot going on in his life personally [that's] affecting his work as an attorney, so this is why I am filing the complaint with the Mississippi Bar [and] ask that this matter be looked into. Further more [sic] I have hired new counsel [and] no longer wish for Mr. Crosby to be my attorney.

The Mississippi Bar representative informed Crosby that a bar complaint form would be sent to Brown along with instructions for its filing. On July 10, 2015, Brown filed an informal bar complaint against Crosby for failing to file his appeal brief. Brown's complaint contained the following allegation: "Michael Crosby has been inaffective [sic] as my counsel. We went to trial [and] lost [and] he never filed an appeal brief on my half [sic]. Therefore my appeal was dismissed."

¶9.     The Bar forwarded Brown's complaint to Crosby on July 10, 2015, and demanded that his response be filed on or before July 27, 2015. Crosby acknowledged that he had received the bar complaint and requested additional time to respond in an email to the Bar, which was granted with an extension to August 4. However, Crosby did not file a response to Brown's bar complaint. On August 25, 2015, the Bar sent Crosby a second demand letter requesting

5

that he respond to Brown's complaint by September 1, 2015. Crosby did not submit a response by the date demanded.

¶10. On December 4, 2015, Crosby emailed James Clark, Deputy General Counsel for the Mississippi Bar, and informed Clark that he needed additional time to respond to Brown's complaint due to his current caseload. However, Crosby's testimony did not reflect that his caseload prevented him from submitting a response. Instead, Crosby testified that he deliberately chose not to submit a response to Brown's bar complaint because he believed his response would have included a personal issue that occurred in 2009 that he did not want shared with Brown. Further, Crosby testified that he believed that he was not required under the Rules of Professional Conduct to submit a response and instead believed that he would be given an opportunity to participate in an investigation into the conduct that gave rise to the bar complaint. Crosby never filed a response to Brown's bar complaint.[4]

¶11. The Bar filed its formal complaint against Crosby on December 21, 2015, based on (1) Crosby's failure to file an appeal brief on Brown's behalf, and (2) Crosby's failure or refusal to respond to the Bar complaint filed by Brown. The Bar alleged that Crosby had violated the following Mississippi Rules of Professional Conduct:

> Rule 1.2(a), which provides that a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued;

---

[4] An email dated September 4, 2015, was included in the record on appeal reflecting that Crosby had submitted a response to a separate bar complaint filed by a different client. This response was not to Brown's bar complaint.

Rule 1.3, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client;

Rule 1.4(a), which provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;

Rule 1.16 (d), which provides that upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests;

Rule 8.1(b), which provides that a lawyer shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information by a disciplinary authority; and

Rules 8.4(a) and (d), which provide that it is professional misconduct for a lawyer to violate or attempt to violate the rules of professional conduct or engage in conduct that is prejudicial to the administration of justice.

¶12.    After more than twenty days elapsed with no answer or pleading from Crosby, the Bar filed an application for the Clerk of Court to enter default pursuant to Rule 55 (a) of the Mississippi Rules of Civil Procedure.  The Clerk entered default against Crosby the next day. The Bar then filed a motion for default judgment, alleging that Crosby had been personally served with process on January 4, 2016, and never filed an answer, motion, or any other pleading.

¶13.    On February 29, 2016, Crosby filed a motion to set aside the Clerk's entry of default. Crosby produced an affidavit from the police officer who was responsible for service of process, who stated that he did not personally see, meet, speak to, or serve Crosby.  Crosby also filed a motion to modify one deadline in the scheduling order.  On April 22, 2016, the Complaint Tribunal granted Crosby's motion to set aside the clerk's entry of default, and

7

denied the Bar's motion for default judgment. The Complaint Tribunal also denied Crosby's motion to modify the scheduling order as moot.

¶14. On April 29, 2016, Crosby answered the Bar's formal Complaint, relating the facts as they are discussed above. Trial was held on October 14, 2016, and Crosby was the only witness who testified. The Complaint Tribunal issued its Opinion and Final Judgment on November 14, 2016, finding that Crosby had violated Rules 1.3, 1.16, 8.1(b), 8.4(a), and 8.4(d) based on his failure to file an appeal brief on Brown's behalf, and his failure to respond to Brown's bar complaint. The tribunal then analyzed the nine factors outlined in *Liebling v. Mississippi Bar*, 929 So. 2d 911, 918-20 (Miss. 2006), in order to determine the appropriate level of discipline. The tribunal found that the appropriate disciplinary sanction should be a public reprimand.

¶15. Crosby filed a motion to alter or amend the judgment, or alternatively, a motion to correct a clear error of law to prevent manifest injustice, or alternatively, a motion for a new trial or for judgment notwithstanding the verdict. Crosby raised the following issues: (1) the length of time it took the court reporter to file the trial transcript; (2) Brown's ability to seek an out-of-time appeal; (3) the venue dispute with Brown; and (4) the personal reasons for not responding to the bar complaint. The Complaint Tribunal denied Crosby's motion, and Crosby appealed.

## STATEMENT OF THE ISSUES

¶16. The five issues raised by Crosby on appeal are restated *verbatim et literatim*:

8

If an appeal is dismissed due to the failure of the attorney to file the appellate brief, does such failure always constitute a violation of Rule 1.3 MRPC (i.e. failure of a lawyer to act with reasonable diligence in representing a client, or does Rule 2-4 of the MRAP and Mississippi Code Annotated Section 99-39-5(i) set forth reasons why the attorney's failure to file the appeal brief may constitute good cause.)[?]

## Issue II.

Does Mr. Crosby's actions constitute withdrawal from representation of a client when he allowed the appeal to be dismissed, and further, did said actions constitute a violation of Rule 1.16 MRPC which requires a lawyer to withdraw only when it can be accomplished without harm to the client[?]

## Issue III.

Does Mr. Crosby's failure to file written responses to the demand for the same, constitute a violation of Rule 8.1(b) MRPC under the unique circumstances of this case[?]

## Issue IV.

Did Mr. Crosby violate Rule 8.4 MRPC which provides that it is misconduct to violate any rule of professional conduct and engage in conduct that is detrimental to the administration of justice[?]

## Issue V.

Should the opinion and judgment of the bar, which is to be read publicly, state all the material and relevant facts which impacts [sic] Mr. Crosby, and should misstated facts be corrected to reflect the truth[?]

¶17. The first four issues can be restated simply as whether the Mississippi Bar proved by clear and convincing evidence that Crosby had violated each of the four rules. The final

9

issue raised on appeal is restated as whether the Complaint Tribunal's opinion and final judgment omitted material facts or contains misleading statements.

## STANDARD OF REVIEW

¶18.    The appropriate standard of review in Bar discipline matters is as follows:

> On appeal, this Court shall review the entire record and the findings and conclusions of the Tribunal, and shall render such orders as the Court may find appropriate. When reviewing disciplinary matters[,] this Court reviews the evidence *de novo*, on a case-by-case basis, sitting as triers of fact, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny.

*Rogers v. Mississippi Bar*, 731 So. 2d 1158, 1163-64 (Miss. 1999) (quoting *Asher v. Mississippi Bar*, 661 So. 2d 722, 727 (Miss. 1995)) (internal quotations omitted). While this Court applies a *de novo* standard of review when considering evidence, "deference is given to the Tribunal's findings 'due to its exclusive opportunity to observe the demeanor and attitude of the witnesses, including the attorney, which is vital in weighing the evidence.'" *Id.* at 1164. The Mississippi Bar must "prove by clear and convincing evidence that the respondent's actions constitute professional misconduct." *Id.* (quoting *Mississippi Bar v. Pels*, 708 So. 2d 1372, 1374 (Miss. 1998)).

## DISCUSSION

¶19.    Other than citing the four Rules of Professional Conduct that Crosby was found to have violated, Crosby's brief contains two citations of authority. The first citation refers to Rules 2 through 4 of the Mississippi Rules of Appellate Procedure, and the second cites Mississippi Code Section 99-39-5(i), which provides that any person sentenced by a

10

Mississippi court may file a motion for an out-of-time appeal. *See* Miss. Code Ann. § 99-39-5(i) (Rev. 2015). Crosby cites not a single case in his brief nor any other relevant authority to support his arguments on appeal. The Bar asserts in its brief that Crosby's appeal should be dismissed.

¶20. Rule 28(a)(7) of the Mississippi Rules of Appellate Procedure provides that an appellant's brief "shall contain the contentions of the appellant . . . and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." This Court has held that an appellant's failure to do so constitutes abandonment of the issue and makes the issue procedurally barred for appellate review. *Matter of Estate of Smith v. Boolos*, 204 So. 3d 291, 313 (Miss. 2016) (quoting *McNeil v. Hester*, 753 So. 2d 1057, 1075 (Miss. 2000)). Accordingly, the Court may dismiss Crosby's appeal on this basis alone, because his brief contains virtually no citations to the record, and the two citations of authority that he cites do not support his arguments.

¶21. Notwithstanding, this Court has examined whether the Mississippi Bar proved by clear and convincing evidence that an attorney violated the Rules of Professional Conduct based on the attorney's factual arguments alone. *See, e.g., Shah v. The Mississippi Bar*, 962 So. 2d 514, 522 (Miss. 2007) (citing only the standard of review in discussion of whether the Bar proved by clear and convincing evidence that an attorney violated the Rules of Professional Conduct.). This Court has "exclusive jurisdiction of matters pertaining to attorney discipline and reinstatement, and this Court is the ultimate judge of matter[s] arising under the Rules

11

of Discipline for the Mississippi Bar." *Asher*, 661 So. 2d at 727. And while the Court "may delegate the fact-finding process to others, such as the Mississippi Bar, its tribunals, or courts in other jurisdictions, the final decision on whether particular conduct constitutes a violation of our rules of professional conduct and of discipline rests with this Court." *Mississippi Bar v. Labovitz*, 226 So. 3d 92, 95 (Miss. 2016). Crosby cites the Rules of Professional Conduct that he was found to have violated and asserts several factual reasons to support his arguments. Therefore, the Court may consider the arguments presented by Crosby on appeal.

## I. Rule 1.3

¶22. The Court begins with an examination of the record to determine whether, by clear and convincing evidence, Crosby violated Rule 1.3. Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Complaint Tribunal found that Crosby's failure to file an appeal brief constituted a violation of this Rule. Crosby argues that Mississippi Rules of Appellate Procedure 2 through 4, and Mississippi Code Section 99-39-5(i), provide an excuse, or establish "good cause" for his violation of Rule 1.3.

¶23. Mississippi Rule of Appellate Procedure 2 provides the penalties for noncompliance with the rules, *e.g.*, dismissals and other sanctions, and when the rules may be suspended in a particular case. This Rule does not support Crosby's argument that he did not violate Rule 1.3. Mississippi Rule of Appellate Procedure 3 provides how appeals may be taken, including the filing and notice of appeal, *inter alia*. This Rule does not support Crosby's

argument. Finally, Mississippi Rule of Appellate Procedure 4 provides the procedure for when an appeal may be taken. Again, this Rule does not provide any support for Crosby's argument that he did not violate Rule 1.3 by failing to file an appeal brief. Likewise, Mississippi Code Section 99-39-5(i) is irrelevant to this appeal, as this statute deals exclusively with post-conviction relief.

¶24.    Crosby does not dispute that he failed to file an appeal brief for Brown. Crosby filed the Notice of Appeal on Brown's behalf, requested numerous extensions of time to submit the brief, never terminated his representation of Brown even after Brown informed him that he was seeking another attorney, and never filed the appeal brief. Crosby's only argument related to his failure to file the brief is that Brown insisted that the venue issue be included, which Crosby felt was not appropriate to include. As such, the Mississippi Bar proved by clear and convincing evidence that Crosby violated Rule 1.3 based on Crosby's failure to file Brown's appeal brief.

## II.    Rule 1.16

¶25.    Rule 1.16 requires a lawyer to withdraw from representation of a client only when the same can be accomplished without harm to the client. The Complaint Tribunal found that Crosby effectively withdrew from representing Brown on appeal when he allowed the appeal to be dismissed, which caused harm to Brown and constituted a violation of this Rule. Crosby combined his argument regarding Rule 1.3 with Rule 1.16 in his brief; therefore, he asserts the same arguments under Mississippi Rules of Appellate Procedure 2 through 4, and

13

Mississippi Code Section 99-39-5(i), which are neither applicable nor supportive of Crosby's argument. Further, Crosby argues that, because he offered to file a petition for PCR for an out-of-time appeal for Brown, he did not withdraw or harm Brown.

¶26. Crosby's mere offer to file a PCR for Brown does not excuse his failure to file an appeal brief for Brown. There is no guarantee that Brown would have been entitled to an out-of-time appeal under the PCR statute. Further, Brown's second attorney attempted to reinstate Brown's appeal, and it was denied. Crosby's allowing Brown's direct appeal to be dismissed amounted to a withdrawal by Crosby and certainly caused harm to Brown. The Bar proved by clear and convincing evidence that Crosby violated Rule 1.16.

### III. Rule 8.1

¶27. Rule 8.1(b) provides that a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority, other than information otherwise protected by Rule 1.6, *i.e.*, confidential information related to the representation of client. The Complaint Tribunal found that Crosby violated this Rule because he had knowledge of the Bar complaint and the need to respond (he requested additional time to respond and acknowledged at trial that he had received the demands), but failed to respond.

¶28. Crosby argues that Rule 8.1 does not require a response to be in writing. Crosby argues that, because he spoke with an attorney from the Bar, and because he agreed to participate in the Bar's investigation, he complied with Rule 8.1. Crosby further argues that

he did not intend to violate Rule 8.1. Crosby does not cite any authority to support his arguments. Although Rule 8.1 does not specifically state that a response must be in writing, the Mississippi Bar informed Crosby that his response to Brown's bar complaint was to be in writing. On the day the Bar forwarded Brown's complaint to Crosby, a letter was included that stated Crosby was required to attach a certificate of service showing that a full and complete copy of the response had been served upon Brown, or it would not be accepted for filing. Further, Crosby acknowledged that his response had to be in writing in email correspondence with the Bar. Crosby's argument that he did not intend to violate Rule 8.1 also is without merit. Again, Crosby acknowledged that his response was to be in writing but he failed to submit a response. Thus, he "knowingly" failed to respond to a lawful demand for information from the Bar. The Bar proved by clear and convincing evidence that Crosby violated Rule 8.1 by failing or refusing to respond to Brown's bar complaint.

### IV. Rule 8.4

¶29. Although Crosby raises Rule 8.4 (a) and (d) in his statement of the issues, Crosby does not present any argument in his brief regarding the Tribunal's finding that he violated Rules 8.4 (a) and (d). Thus, the Court will not address them.

### V. WHETHER THE COMPLAINT TRIBUNAL'S OPINION AND JUDGMENT OMITTED MATERIAL FACTS OR CONTAINS MISLEADING STATEMENTS.

¶30. Crosby argues that the Complaint Tribunal's opinion and final judgment omits or misstates "many material and relevant facts" that he alleges will impact his ability to practice.

15

First, Crosby argues that the opinion omits the fact that Brown's case could have been reinstated for good cause by either motion or petition, and instead states that Brown received "the worst possible outcome." This is not a material fact that must be included in the tribunal's opinion and final judgment. Whether or not Brown's appeal could be reinstated is irrelevant as to Crosby's failure to file an appeal brief on Brown's behalf.

¶31. Second, Crosby alleges that the opinion does not mention that Brown refused to allow Crosby to reopen Brown's case by filing a PCR. Again, whether or not Brown's appeal could be revived has no relevance to Crosby's failure to file the appeal brief.

¶32. Crosby next alleges that the opinion does not state anything about "the long delay which caused communication and cooperation issues with [Brown]." Crosby does not explain what delay he is referring to. The Court is unable to discern whether this is a relevant or material fact, because Crosby does not expand on this issue any further.

¶33. Further, Crosby alleges that the opinion does not state the total number of days that Crosby requested in his motions for extensions of time to file Brown's appeal brief, which he states totaled only sixty days, after "thirteen months of delay." Although Crosby does not explain what thirteen-month delay to which he is referring, he alleges in his statement of facts that the court reporter took thirteen months to file the trial transcript.[5] Presumably, this is the thirteen-month "delay" to which Crosby refers. In any event, the amount of time that

_____

[5] The record demonstrates that it did not take the court reporter thirteen months to file the trial transcript. The jury reached its verdict in Brown's trial on June 28, 2012, and the record reveals that the trial transcript was filed on April 3, 2013.

16

Crosby requested in his motions for extensions of time is immaterial, and the opinion and final judgment contains nothing misleading about Crosby's five requests for an extension of time.

¶34.   Last, Crosby alleges that the opinion does not mention the work that Crosby did in preparing Brown's motion for judgment notwithstanding the verdict and Brown's motion for a new trial.  The substantive work that Crosby did before, during, and after trial were not challenged by the Mississippi Bar and therefore are entirely irrelevant to Crosby's failure to file the appeal brief, which is the only issue that gave rise to Brown's bar complaint.  This issue is without merit.

## CONCLUSION

¶35.   The Mississippi Bar proved by clear and convincing evidence that Michael W. Crosby violated Rules 1.3, 1.16, 8.1, 8.4(a), and 8.4(d).  Further, the Complaint Tribunal's opinion and final judgment included all material facts, and did not contain any misleading statements. The tribunal's opinion and final judgment are affirmed.

¶36.   **AFFIRMED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

17